SARAH E. PARRIS, Respondent, v. L. F. CRUTCHER, Appellant.

Springfield Court of Appeals, March 12, 1915.

1. INSTRUCTIONS: Misleading: Must be Based on Evidence. An instruction permitting recovery for permanent injury is erroneous when the evidence does not justify it, but is sufficient on that point to make such instruction misleading.

2. ———: Inconsistent: Error. Error is committed in giving inconsistent and erroneous instructions.

3. **WITNESSES: Impeaching: What Not Proper Method.** Although under Sec. 6383, R. S. 1909, it is allowable to prove conviction for a criminal offense to effect the credibility of a witness, yet in an action for damages for assault, error was committed in allowing defendant to be asked several times if he had not been convicted several years prior for assault upon a girl who was at that time staying at his house. The assault might have been either a misdemeanor or a felony and the form of the question was improper.

4. **TRIALS: Improper and Unfair Insinuations.** The practice of seeking to obtain an advantage in the trial of a case by injecting into it unfair insinuations should have the severest condemnation.

Appeal from Greene County Circuit Court.—*Hon. John Schmook,* Special Judge.

REVERSED AND REMANDED.

*C. O. Hamlin* and *Hamlin & Seawell* for appellant.

The court erred in its instruction on the measure of damages. Absent evidence showing permanent injuries, the court erred in permitting the jury to go into the field of speculation and assess damages for same. Wilber v. Railroad, 110 Mo. App. 689, and cases cited; Biglow v. Railroad, 48 Mo. App. 367; Cherry v. Railroad, 163 Mo. App. 53.

*Devorss & Nee* and *Patterson & Patterson* for respondent.

(1) Counsel for appellant nowhere contend in their brief that the verdict is excessive, and therefore they are not in a position to complain of instruction number 1. Shaw v. Goldman, 183 Mo. 461. (2) An erroneous instruction must be prejudicial in order to warrant a reversal. Berkley v. Assn., 153 Mo. 300; Jones v. Railroad, 178 Mo. 528; Mochowik v. Railroad, 196 Mo. 568; Peterson v. Transit Co., 199 Mo. 344; McKinstry v. Transit Co., 108 Mo. App. 12; Lilton v.

Railroad, 111 Mo. App. 140; Eberly v. Railroad, 96 Mo. App. 371; Fields v. Railroad, 80 Mo. App. 607.

ROBERTSON, P. J.—The defendant and plaintiff's husband engaged in a fight at the Parris home which terminated in the defendant calling for "mamma" (his wife) who was near and who pulled the plaintiff's husband off of the defendant. The defendant as a result of the altercation received the usual black eyes, scratches and bruises. In the preliminary skirmishes the plaintiff appeared and undertook to prevent any trouble and the defendant grabbed her by the throat, as the testimony tends to prove, and knocked her off of the porch backward, as the result of which she claims to have received injuries for which she sued for fifteen hundred actual and two thousand dollars punitive damages. The defendant's testimony tends to prove that he did not in any manner injure the plaintiff. The Parris's lived in defendant's house and he went there to collect rent. A jury trial resulted in a verdict for plaintiff in the sum of five hundred dollars actual damages and the defendant has appealed.

There is no testimony that tends to prove any permanent injuries to the plaintiff as the result of the alleged conduct of the defendant, but in an instruction given in behalf of plaintiff upon the whole case the jury was told that in determining the amount of plaintiff's damages they should taken into consideration "the extent of the plaintiff's injuries, if any such are shown by the evidence, including the physical pain and mental anguish if any, suffered by her on account of such injuries both at the time of the assault and such mental anguish and physical pain, if any, as she may be *reasonably certain to suffer in the future therefrom.*" The objectionable feature of this instruction we have italicized. It was error to give it because there was no testimony upon which to base it, but there was such

testimony as that the jury would necessarily be misled thereby.

On behalf of the defendant the jury was instructed that there was no evidence that plaintiff's injuries, if any, were permanent and that if they found the issues in favor of the plaintiff no sum should be allowed her for permanent injuries. These two instructions are so inconsistent that it is not possible to tell which the jury followed. [Stid v. Missouri Pacific Railroad Co., 236 Mo. 382, 399, 139 S. W. 172.]

The defendant testified in his own behalf and upon cross-examination he was asked if he was not convicted a number of years ago and fined one hundred dollars for assaulting a little girl that stayed at his house. The question was objected to but before the court ruled on the objection the question was repeated. Another objection was interposed after it was repeated and the court overruled it. The question was again repeated and we are convinced that the object in doing so was to arouse in the minds of the jury a prejudice against the defendant. The offense to which the inquiry was directed was a charge of common assault, apparently, to which the defendant entered a plea of guilty about thirty years ago. While section 6383, Revised Statutes 1909 authorizes the conviction of a criminal offense to be proved to affect the credibility of a witness, yet there is no reason in the case for not having particularly designated the offense so that there might not have been any misunderstanding in the minds of the jury of the charge to which the defendant entered his plea of guilty; neither should the plaintiff have mentioned the fine imposed, who the party was or that she stayed with the defendant at his house. [State v. Kimmell, 156 Mo. App. 461, 471, 137 S. W. 329 and State v. Spivey, 191 Mo. 87, 111, 90 S. W. 81.] . The court should have promptly sustained the objection to the question in the form in which it was propounded. There are two kinds of assault defined

by our statute, one committed with an intent to commit a felony and the other a common assault. The question should have properly defined the character of the assault, otherwise the jury may have inferred that it was the more heinous one. The practice of seeking to obtain an advantage in a trial of a case by injecting therein unfair insinuations should have the severest condemnation and suffer the most disastrous result permissible under the law. In a case of this character if the testimony in behalf of the plaintiff is believed then the defendant is necessarily held in such contempt by the jury and the courts that he will receive no more at their hands than is necessary to be given him under the law. The testimony in behalf of the defendant, if believed by the jury, would justify a verdict in his behalf and he is entitled to have the fair judgment of a jury thereon.

To the end that the defendant may have a fair and impartial trial and on account of errors above discussed the judgment is reversed and the cause remanded.

*Sturgis* and *Farrington, JJ.,* concur.