STATE of Missouri,
Plaintiff-Respondent,

v.

Roy Russell COOK, Jr.,
Defendant-Appellant.

No. 47144.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 22, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied
July 9, 1984.

Arthur S. Margulis, Margulis & Grant, P.C., St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Janet E. Papageorge, Asst. Atty. Gen., for plaintiff-respondent.

GAERTNER, Presiding Judge.

Defendant appeals from the judgment of convictions entered pursuant to a jury's finding of guilt for robbery in the first degree, burglary in the first degree, unlawful use of a weapon (flourishing), and unlawful possession of a concealable firearm by one convicted of a dangerous felony. After finding defendant to be a persistent offender, the trial court sentenced him to a term of life imprisonment for the robbery, a consecutive term of 30 years imprisonment for the burglary, and 10 years each on the two other charges, concurrent with the life sentence.

Defendant does not challenge the sufficiency of the evidence which amply supports the finding of guilt on all four counts. Dispositive of this appeal is the procedural problem created by the joinder of the charge of possession of a concealable firearm under § 571.070.1(1), RSMo 1981 (amended 1982) with the other charges. One of the elements of the crime of unlawful possession of a concealable firearm is that defendant has pled guilty to or has been convicted of a dangerous felony, as defined in § 556.061, RSMo 1978, or of an attempt to commit a dangerous felony or of a crime under the law of any state or of the United States which, if committed in this state, would be a dangerous felony. Here, Counts I, II, and III charge defendant with robbery, burglary and flourishing, respectively. Count IV charged that defendant, having been convicted of attempted bank robbery, was in possession of a concealable firearm in violation of § 571.070. This charge requires the state to prove and the jury to find both the possession of the firearm and the conviction of attempted bank robbery. MAI–CR2d 31.28.

Prior to trial defendant moved for a severance of Count IV. His argument that evidence before the jury of his prior conviction would have a prejudicial affect upon their consideration of his guilt or innocence on the other three charges was countered by the prosecutor's observation that the joinder was proper under Rule 23.05. The trial court denied the motion for severance.

■■■ The propriety of the joinder of multiple offenses is a question separate and distinct from that of possible prejudice to a defendant resulting from the trial of all such offenses before the same jury. *State v. McCrary*, 621 S.W.2d 266, 271 (Mo. banc 1981). The former, a procedural matter of pleading, is governed by Rule 23.05. The latter is a matter of fundamental fairness arising under the due process clauses of the Fourteenth Amendment to the United States Constitution and Article I, § 10 of the Missouri Constitution. Thus, even though the joinder of multiple offenses in a single indictment or information may comply with the requirements of Rule 23.05,

"[t]he court remains under a continuing duty during trial to counter prejudice and order severance if necessary to achieve the fair result intended." *Id.* at 272, citing, with emphasis added, *State v. Duren,* 556 S.W.2d 11, 20 (Mo. banc 1977), rev'd on other grounds sub nom. *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

 Relying on *State v. Williams,* 603 S.W.2d 562, 567 (Mo.1980), the State maintains that defendant failed to prove the evidence of his prior conviction was prejudicial. The prejudicial effect of permitting a jury to discover that a defendant has been guilty of other crimes is manifest. "It is aphoristic that reference to other crimes unrelated to the case on trial violates a defendant's right to be tried for the offense with which he is charged unless such proof has some legitimate tendency to establish defendant's guilt of the crime charged." *State v. Williams,* 652 S.W.2d 102, 110 (Mo. banc 1983). Any reference to a defendant's involvement in unrelated crimes, except for the purpose of direct impeachment of the defendant, has been characterized as having a "dangerous tendency and misleading probative force." *State v. Tillman,* 454 S.W.2d 923, 926 (Mo. 1970). Such references have uniformly warranted the declaration of mistrial. The potential for one or more jurors, imbued with the commonly held but illogical notion, "once a crook, always a crook" to find a defendant guilty of a crime charged because of his guilt of separate and unrelated crimes is readily discerned. An often-quoted single sentence demonstrates the long standing condemnation of such a practice:

> The practice of seeking to obtain an advantage in a trial of a case by injecting therein unfair insinuations should have the severest condemnation and suffer the most disastrous result permissible under the law.

*State v. Lee,* 486 S.W.2d 412, 415 (Mo. 1972), quoting from *State v. Jones,* 306 Mo. 437, 268 S.W. 83, 87 (1924), quoting in turn from *Parris v. Crutcher,* 180 Mo.App. 150, 173 S.W. 1080, 1081 (1915).

Nor can we accept the respondent's argument that giving MAI–CR2d 2.70 cured any prejudice defendant may have suffered. This instruction directs the jury to consider each count separately and not to consider evidence limited to one offense in connection with any other offense. In permitting the prosecutor to read to the jury a certified copy of the defendant's prior conviction, over the objection of defense counsel, the court did not advise the jury that this evidence was limited to Count IV. Nor did the prosecutor advise the jury that he was reading the certified copy in connection with Count IV alone. Thus, the jury was totally uninformed of the restricted purpose for the prior conviction's introduction. The State cites *State v. McCrary,* 621 S.W.2d at 272 and *State v. Mack,* 576 S.W.2d 550, 552 (Mo.App.1978) as authority for the curative effect of MAI–CR2d 2.70. These cases are factually distinguishable because they concern the ability of jurors to consider separately a series of related offenses charged in multiple counts and being tried simultaneously. Here, the issue concerns the prejudicial effect upon the jury of evidence of a conviction for a totally unrelated offense committed many years before the offenses charged.

In *Vazquez v. State,* 405 So.2d 177 (Fla. App.1981) *aff'd* in *State v. Vazquez,* 419 So.2d 1088 (Fla.1982), a case virtually identical to the instant case, the Florida Court of Appeals held a severance of the charge of the possession of a concealable weapon by a convicted felon from other charges arising out of the same transaction to be mandatory. Describing the prejudice resulting from reference to a prior conviction as so overwhelming as to deprive a defendant of the presumption of innocence and to render a fair trial impossible, the Florida court held that a specific jury instruction that the prior conviction had no bearing on the other charges did not cure the error.

> "As ... common sense confirms, the above inadmissible evidence was too powerful, too damning, and too prejudicial for any conscientious jury to disregard pursuant to the above jury charge. Cau-

tionary instructions of this sort have their place in our law, but are utterly ineffective when applied, as here, to such powerful prejudicial evidence." 405 So.2d at 180.

Of other jurisdictions which have addressed this issue, the majority have determined that, although evidence of a prior conviction is admissible on a charge of possession of a concealable firearm by one convicted of a prior felony, such evidence is inadmissible as to other offenses jointly charged.[1]

■ Accordingly, we hold although the joinder of a charge of possession of a concealable firearm by one previously convicted of a dangerous felony with other charges is permissible under Rule 23.05, the prejudicial effect of the evidence of the prior conviction upon the issue of defendant's guilt or innocence of the other charges outweighs the achievement of judicial economy and expedition underlying the permissible joinder rule. Due process of law requires that the defendant's right to a fair trial must be given priority over considerations of expense, efficiency, and convenience. Analogous is the exception made in Rule 24.06(b) requiring separate trials of co-defendants in sexual offense cases whenever evidence is admissible as to one but not other defendants. To deny defendant's motion for a severance of Count IV was error requiring a new trial as to Counts I, II, and III. However, the evidence of the prior conviction is relevant, indeed essential, to Count IV, and comes within the exception to the general rule prohibiting evidence of other crimes. *State v. Williams,* 652 S.W.2d at 110. Therefore, we are not constrained to overturn defendant's conviction and sentence under Count IV.

Other points asserted by defendant on appeal must be addressed either as pertinent to the conviction on Count IV or as likely to recur upon retrial.

■ Defendant challenges the admission of statements he made to a police officer while in custody. Having failed to object at trial to the admission of this evidence, the point is not properly preserved for review. *State v. Howard,* 564 S.W.2d 71, 74 (Mo.App.1978). Nevertheless, the record shows the statements to have been voluntary utterances by defendant and not the product of custodial interrogation. The trial court did not err in overruling defendant's motion to suppress the statements.

■ Nor is error to be found in the trial court's sustaining the State's motion to prohibit defendant from cross-examining the victim concerning her profession. The trial court has broad discretion in controlling the extent of cross-examination. *State v. Powell,* 632 S.W.2d 55, 58 (Mo.App.1982). Defendant made no offer of proof to show the relevance of the cross-examination and his contentions here that the interrogation was relevant to the credibility of the witness is neither self proving nor apparent.

■ Defendant also predicates error upon the admission of evidence concerning the return to victim of some of the property taken in the robbery. Defendant's point is presented for the first time here on appeal. No allegation of this error was set forth in the motion for new trial to preserve the error for review. Rule 29.11(d). Additionally, relevance is largely committed to the broad discretion of the trial court and we find no abuse here. *State v. Gibson,* 636 S.W.2d 956, 958 (Mo. banc 1982).

■ The trial court admitted a certified and authenticated document reflecting the defendant's conviction of "attempted bank robbery" in violation 18 U.S.C. § 2113 (1964). Defendant's counsel maintained that this document was misleading because

---

1. *See e.g., Walker v. Superior Court,* 37 Cal. App.3d 938, 112 Cal.Rptr. 767, 769[4] (1974); *People v. Peterson,* 633 P.2d 1088, 1089–90[1, 4] (Col.App.1981); *Thomas v. State,* 440 So.2d 581, 582[1] (Fla.1983); *Duncan v. State,* 409 N.E.2d 597, 599–600[4] (Ind.1980); *State v. Middleton,* 143 N.J.Super. 18, 362 A.2d 602, 604[4, 5]

(1976), *aff'd* 75 N.J. 47, 379 A.2d 453 (1977); *Commonwealth v. Galassi,* 296 Pa.Super. 126, 442 A.2d 328, 330 (1982).

*But cf. Sexton v. State,* 397 A.2d 540 (Del.1979). (Failure to sever not per se prejudicial where no motion to sever presented.)

the offense of which the defendant was convicted would be described as "bank burglary" under Missouri law. Other than the statements of defendant's attorney, no evidence substantiates such a contention. Because defendant has not challenged the validity or authenticity of the document itself, we find its admission was within the meaning of § 571.070.1(1). Whether the prior conviction reflected an attempted robbery or burglary did not prejudice the defendant, since both crimes are designated dangerous felonies under § 556.061, RSMo 1978; evidence of either supports a conviction for possession of a concealable firearm under § 571.070.1(1).

Defendant's final point challenges the propriety of certain instructions as deviating from the approved MAI–CR2d. The contested instructions conformed with those effective January 1, 1983, and were proper.

The conviction for possession of a concealable firearm by a person convicted of a dangerous felony is affirmed. The convictions under Counts I, II, and III are reversed and remanded for retrial.

SMITH and STEPHAN, JJ., concur.