831 P.2d 376

**The STATE of Arizona, Appellee/Cross–Appellant,**

v.

**Jeffrey Lynn ANDERSON, Appellant/Cross–Appellee.**

**No. 2 CA–CR 90–0571.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 27, 1991.

Reconsideration Denied Jan. 22, 1992.

Review Granted June 30, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, and Daniel J. Kiley, Phoenix, for appellee/cross-appellant.

Constance L. Trecartin, Tucson, for appellant/cross-appellee.

## OPINION

HATHAWAY, Judge.

After a jury trial, appellant was found guilty of three counts of sexual assault. He was initially sentenced to an aggravated term of 10 years' imprisonment on each count, the sentences to be served consecutively. The trial judge subsequently vacated those sentences and resentenced appellant to an aggravated term of 14 years' imprisonment on each count, the terms to be served concurrently.

Appellant was employed as a gastrointestinal technician at University Medical Center. A female patient was sent by her doctor to the office where appellant worked to make an appointment for a flexible sigmoidoscopy test. Appellant asked the patient if a hemocult, a test to determine if there is blood in the stool, had been performed. When informed that the patient was not certain, appellant gave her a cup and told her he needed a stool sample. She replied that was impossible because she had problems with regularity. Appellant then instructed her to go into the next room, uncover her buttocks and lie on the table. He inserted his finger into her rectum to obtain the stool sample.

After she left the hospital, the woman began to think that something was wrong with what had occurred. She spoke the next day to her sister, who was a nurse. About two weeks later, she called her doctor and told him what had occurred. Two weeks later, she reported the incident to the police.

The sole issue raised on appeal concerns a question asked by the prosecutor during cross-examination of three of appellant's character witnesses. In its cross appeal, the state challenges the trial court's resentencing of appellant after an appeal had been filed. We find that the question asked by the prosecutor constituted fundamental error and reverse. We need not, therefore, address the cross appeal.

In a motion in limine, the state moved to introduce into evidence the details of another prosecution against appellant which subsequently resulted in his acquittal. In that case, appellant was charged with sexually assaulting a woman after he had given her a drug. The court denied the motion, but

permitted the state to inquire about the drug. The dialogue was:

> THE COURT: Let me ask you, did he admit to stealing the drug Versed from where he worked?
>
> PROSECUTOR: St. Joseph's Hospital.
>
> DEFENSE COUNSEL: I don't think he ever admitted to stealing it. I think he admitted to having some Versed.
>
> THE COURT: Was he ever terminated from that position for stealing?
>
> DEFENSE COUNSEL: No.

> \* \* \* \* \* \*

> THE COURT: I am going to allow the state to ask the witnesses if they knew that Mr. Anderson had ever stolen a drug from his employers [sic].

During cross-examination of one of appellant's character witnesses, the following exchange took place:

> Q. Are you aware Mr. [witness] that in 1989 *the defendant admitted to stealing* from St. Joseph's Hospital, his employer at the time, a drug known as Versed?
>
> A. No, ma'am.
>
> Q. Knowing that, *that the defendant has stolen drugs* from his employer, would that change your opinion about the defendant's character for truthfulness and honesty?
>
> A. If I knew that he took—
>
> Q. Knowing that, knowing that *he has admitted to that,* does that change your opinion?
>
> A. No, ma'am.

(Emphasis added) Similar statements by the prosecutor that appellant had admitted to having stolen drugs were made during the cross-examination of two other character witnesses.

■ Trial counsel offered no objection to the questioning of these witnesses. Ordinarily, the "failure to object to evidence, testimony or arguments waives these matters on appeal." *State v. Thomas,* 130 Ariz. 432, 435, 636 P.2d 1214, 1217 (1981). Where, however, the error goes to the foundation of the case or is "of such dimensions that it cannot be said it is possible for a defendant to have had a fair trial," *State v. Smith,* 114 Ariz. 415, 420, 561 P.2d 739,

744 (1977), the defendant's failure to object does not waive his rights on appeal. *State v. Mincey,* 130 Ariz. 389, 397, 636 P.2d 637, 645 (1981), *cert. den.,* 455 U.S. 1003, 102 S.Ct. 1638, 71 L.Ed.2d 871 (1982). "The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment." *Estelle v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126, 130 (1976).

■ It is possible that even fundamental error might have little effect on the jury. "The test is whether we can say the impact of the evidence on the jury was so slight that, without the error, it is clear beyond a reasonable doubt the jury would have returned the verdict of guilty." *State v. Corrales,* 138 Ariz. 583, 595, 676 P.2d 615, 627 (1983).

■ Here, the prosecutor falsely told the jury that appellant had admitted to having committed a criminal act, stealing drugs. "To ask a question which implies the existence of a prejudicial factual predicate which the examiner cannot support by evidence is unprofessional conduct and should not be condoned." *State v. Ballantyne,* 128 Ariz. 68, 71, 623 P.2d 857, 860 (App. 1981); accord *State v. Stabler,* 162 Ariz. 370, 373, 783 P.2d 816, 819 (App.1989); *State v. Palmonarez,* 134 Ariz. 486, 489, 657 P.2d 899, 902 (App.1982); *Gooden v. State,* 617 P.2d 248 (Okla.Crim.1980); *Commonwealth v. Smith,* 457 Pa. 638, 326 A.2d 60 (1974); *State v. Hicks,* 618 S.W.2d 510 (Tenn.Crim.App.1981). See *State v. Holsinger,* 124 Ariz. 18, 21, 601 P.2d 1054, 1057 (1979).

In *State v. Castillo,* 486 So.2d 565 (Fla. 1986), the court found reversible error in the prosecutor's implication, without any apparent factual basis, that a defense witness had committed an illegal act, thus discrediting her in the eyes of the jury. Here, the prosecutor didn't imply an illegal act, she stated it as a fact, and it wasn't a defense witness who was discredited, but the defendant himself. The veracity of the victim and the defendant were crucial, and unfavorable inferences created by the prosecutor's improper question went directly to that issue. We cannot say beyond a rea-

sonable doubt that, absent the error, the jury would have returned a guilty verdict.

"The practice of seeking to obtain an advantage in a trial of a case by injecting therein unfair insinuations should have the severest condemnation and suffer the most disastrous result permissible under the law." *State v. Jones*, 306 Mo. 437, 449, 268 S.W. 83, 87 (1924), quoting *Parris v. Crutcher*, 189 Mo.App. 150, 154, 173 S.W. 1080, 1081 (1915).

Reversed.

FERNANDEZ, J., concurs.

ROLL, Presiding Judge, dissenting.

I respectfully dissent.

The majority reverses defendant Jeffrey Lynn Anderson's convictions for three counts of sexual assault because of questions asked of character witnesses by the prosecutor.

## FACTS

The evidence was overwhelming. Viewing the evidence in the light most favorable to upholding the verdict, *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989), the facts are as follows. A 23-year-old female had an appointment with Dr. Steven Palley on November 3, 1988 in connection with blood in her stool, a chronic condition. Following an examination, Dr. Palley suggested that the patient undergo a flexible sigmoidoscopy. In that regard, he gave the patient a referral slip and directed her to the fourth floor of the University Medical Center to schedule an appointment.

When the patient arrived on the fourth floor, the defendant asked her if he could be of assistance. He then accompanied the patient to a room. There, he discussed conducting a hemocult test with her. The defendant then placed a phone call, pur-portedly to Dr. Palley, in which he inquired whether a hemocult test should be performed on the patient. In point of fact, Dr. Palley never received a phone call from the defendant and never authorized any technician to perform a rectal or vaginal examination.

Following the feigned telephone conversation, the defendant had the patient go into an examination room and remove her clothing and underwear. He then inserted his finger three times into her rectum and once into her vagina. The defendant admitted inserting his finger in the patient's rectum but did not recall inserting it in her vagina. Technicians are not authorized to conduct rectal or vaginal examinations and Dr. Palley neither authorized nor requested the "examination."

## CROSS–EXAMINATION OF CHARACTER WITNESSES

The majority reverses the defendant's convictions because the prosecutor was permitted to ask three character witnesses whether they were aware that the defendant had admitted that he had stolen medicine from a previous employer. The defense chose to introduce evidence of the defendant's good character for the traits of honesty and truthfulness. The state cross-examined each witness as to whether the "fact" that the defendant had admitted stealing the drug Versed from a past employer would change their respective opinions. The defendant asserts that he only admitted to possessing the drug and not to the theft of it. However, because the defendant did not object at trial to the form of the prosecutor's questions, *i.e.*, that the defendant had merely admitted to possession rather than theft, we have no record as to how the state would proceed to prove that the defendant admitted to theft.[1] The trial court ruled that the defendant's theft of drugs from an employer adversely re-

---

1. Initially, the prosecutor had requested leave of the court in a motion in limine to cross-examine character witnesses regarding whether they were aware of the fact that the defendant had sexually assaulted a friend after administering a drug to her, which drug had been stolen from the hospital where he then worked. The defen-dant admitted that he possessed the drug, although it is unclear whether he admitted that he had stolen the drug from the hospital. The trial judge concluded that the fact that the defendant had engaged in a previous sexual assault was not relevant to his honesty and veracity.

flected on his honesty and that character witnesses could be questioned on that point.

Defense counsel made no objection to the form of the questions asked of the witnesses. Absent fundamental error, a failure to object at trial waives that issue on appeal. *State v. Holder,* 155 Ariz. 83, 85, 745 P.2d 141, 143 (1987). Because no objection was made, we have no record as to the basis for possible proof that the state had in its possession regarding the circumstances surrounding how the defendant acquired the drug. Stealing from one's employer may be conduct probative of truthfulness. *State v. Lee,* 151 Ariz. 428, 430, 728 P.2d 298, 300 (App.1986). This determination is left to the sound discretion of the trial court. *Id.*

Even assuming questioning of the character witnesses regarding theft of the drug constituted error, because of the strength of the state's case, any error was harmless beyond a reasonable doubt. *State v. Lundstrom,* 161 Ariz. 141, 150, 776 P.2d 1067, 1076 (1989).

For the reasons set forth above, I respectfully dissent.