850 P.2d 669

**STATE of Arizona, Appellee/Cross–Appellant,**

v.

**Jeffrey Lynn ANDERSON, Appellant/Cross–Appellee.**

**No. CR–92–0095–PR.**

Supreme Court of Arizona, En Banc.

April 13, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Div.,

Daniel J. Kiley, Asst. Atty. Gen., Phoenix, for appellee/cross-appellant.

Constance L. Trecartin, Tucson, for appellant/cross-appellee.

## OPINION

### CORCORAN, Justice.

Appellant Jeffery Lynn Anderson (defendant) was convicted in Pima County of 3 counts of sexual assault. The trial court sentenced defendant to 3 consecutive 10–year sentences. On its own motion, the trial court vacated the sentences and resentenced defendant to 14 years' imprisonment on each count to be served concurrently. The court of appeals reversed these convictions. We granted the state's petition for review and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), rule 31.19, Arizona Rules of Criminal Procedure, and A.R.S. § 12–120.24.

### FACTS AND PROCEDURAL HISTORY

Defendant was employed as a technician at the University Medical Center's gastroenterology laboratory in Tucson. On November 3, 1988, a physician at the Medical Center referred the victim to this laboratory to schedule an appointment for a flexible sigmoidoscopy.[1] When the victim arrived, she spoke with defendant about scheduling this appointment. Defendant asked the victim if her doctor had performed a hemocult test. This test, used to detect blood in the stool, requires a patient to provide a stool sample. When the victim responded that she was not certain, defendant told her that she needed to have this test performed.

The victim informed defendant that she had problems with regularity, and therefore could not provide a stool sample. Defendant instructed her to go into another room, pull down her underwear, and lie on an examining table. Defendant then entered the room and digitally probed the victim's rectum in an alleged attempt to retrieve a stool sample.

Immediately after leaving the hospital, the victim began to feel uneasy about the

---

1. A flexible sigmoidoscopy is a procedure that utilizes a fiber optic flexible scope to view the sigmoid colon.

technician's conduct. The next day she told her sister about the incident. Her sister, a nurse, validated her discomfort. The victim then cancelled her appointment for the flexible sigmoidoscopy and notified her treating physician about the incident. On November 28, 1988, the victim contacted the police.

Before trial, in a motion in limine, the state moved to introduce evidence from another prosecution in which defendant allegedly sexually assaulted a woman after giving her the drug Versed.[2] In oral argument, the prosecutor, Kathleen A. Mayer, stated:

> [Defendant is] aware that ... [he] has admitted his conduct in that case via a telephonic—taped telephonic conversation with [his accuser], wherein he admitted the act of sexual assault. · He also *admitted to stealing the drugs* in order to administer them to [his accuser].

(Emphasis added.) The trial court denied the motion, but ruled that the state could cross-examine defendant's character witnesses relating to his possession of the drug. The dialogue was as follows:

> THE COURT: Let me ask you, did he admit to stealing the drug Versed from where he worked?
> PROSECUTOR [Ms. Mayer]: St. Joseph's Hospital.
> DEFENSE COUNSEL [Victoria A. Brambl]: I don't think he ever admitted to *stealing* it. I think he admitted to *having* some Versed.
> . . . .
> THE COURT: Did he ever admit in the statement to giving [his accuser] a drug other than what he represented to be giving her?
> DEFENSE COUNSEL: No. . . .
> . . . .

2. That trial resulted in defendant's acquittal. Superior Court of Pima County, CR–29740.

3. The state obtained this tape as part of another prosecution against defendant in which he allegedly sexually assaulted a woman accuser after giving her the drug Versed. CR–29740. The tape contains a recording of a purported telephone conversation between defendant and his accuser. A transcript of this tape reads as follows:

THE COURT: I am going to allow the State to ask the witnesses *if* they knew that Mr. Anderson *had ever stolen* a drug from his employers. I am not going to allow the State to go into the rape, that he admitted he sexually assaulted someone. I don't think that bears on his veracity.

(Emphasis added.) During the motion, defendant did not directly dispute that a factual basis existed to support this inquiry or put the state to its proof. No hearing was requested or held.

While cross-examining defendant's character witnesses, the prosecutor asked 3 of the 4 witnesses if they were aware that defendant had *admitted to stealing* a drug from his former employer. Defense counsel did not object to the form or substance of these questions. Defendant was subsequently convicted of three counts of sexual assault.

On appeal, the court of appeals held that the prosecutor's questioning of defendant's character witnesses constituted fundamental error and reversed his convictions. The court found that "the prosecutor falsely told the jury that [defendant] had admitted to having committed a criminal act, stealing drugs." *State v. Anderson*, 171 Ariz. 377, 379, 831 P.2d 376, 378 (App.1991).

In its motion for reconsideration, the state submitted the transcript of defendant's purported taped admission to the theft.[3] The state asked the court to remand the case to the trial court for an evidentiary hearing so that the state could present this evidence. The state contended that it did not present this evidence before or during trial because defendant did not put the court or the state on notice that he denied committing the theft. The court of appeals summarily denied the state's motion.

> FEMALE VOICE: What kind of drug did you use for sure? . . . .
> MALE VOICE: Versed. Versed. For sure.
> FEMALE: Where did you get it at?
> MALE: I got it from work.
> FEMALE: You swiped it or borrowed it?
> . . . .
> MALE: [I] stole it. . . .

## DISCUSSION

### Issues Presented on Appeal

We granted the state's petition for review on the following two issues:

1. If a prosecutor makes known before trial her intent to ask a question of the defendant's witnesses pursuant to Rule 608, Arizona Rules of Evidence, and the defendant does not dispute the existence of a factual basis for the inquiry, is the defendant entitled to a reversal of his subsequent conviction by asserting for the first time on appeal that no such factual basis exists?

2. Where the trial court authorized an inquiry into whether [defendant] had "stolen" property, did the prosecutor commit fundamental, reversible error by asking whether [defendant] had "admitted to stealing" instead of whether he had "stolen" the property?

We cannot respond to the issues presented by the state because the record is inadequate to do so. We also hold, however, that the record is inadequate to support the court of appeals' finding of fundamental error.

### Court of Appeals' Decision and Fundamental Error

During trial, the state asked 3 of defendant's 4 character witnesses whether they knew defendant had *admitted* to stealing drugs. Defendant did not object to the form or substance of these questions. Absent fundamental error, failure to object at trial waives the right to challenge the issue on appeal. *State v. Holder*, 155 Ariz. 83, 85, 745 P.2d 141, 143 (1987). We recently held that for error not raised in the trial court "[t]o qualify as 'fundamental error,' ... the error must be clear, egregious, and curable only via a new trial." *State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991).

The court of appeals held that the prosecutor's questioning of defendant's character witnesses constituted fundamental error and reversed his convictions. The court found that the prosecutor's inquiry implied the existence of a prejudicial factual predi-cate which could not be supported by evidence. *Anderson*, 171 Ariz. at 379, 831 P.2d at 378. We find the record is inadequate to support this determination.

During the motion in limine, the prosecutor informed the trial court that defendant admitted in a taped telephone conversation to stealing the drug Versed. She further informed the trial court that defendant was "aware" of this taped admission. When the trial judge questioned defense counsel regarding this taped conversation, counsel responded that she did not "think" defendant had ever admitted to *stealing* drugs but had only admitted to *possessing* Versed. She did not deny that defendant had *committed* the theft. No evidentiary hearing was requested or held on the underlying facts. The tape recording of defendant's purported admission was, therefore, not marked for identification or offered in evidence. As a result, we cannot determine from the existing record whether the state had sufficient evidence to ask the questions propounded to the character witnesses.

In *State v. Cook*, 170 Ariz. 40, 58–59, 821 P.2d 731, 749–50 (1991), we stated that:

It is ... inappropriate for us to consider the *fundamental error issue* ... raise[d] for the first time here; the trial court has not had the opportunity to conduct an evidentiary hearing on the question and to develop a record on the issue for us to examine on appeal. The preferred procedure is to raise the issue ... in a proceeding for post-conviction relief.

(Emphasis added.) We similarly find it inappropriate to consider the fundamental error issue in this case because the record is inadequate. We therefore vacate the court of appeals' decision and affirm defendant's convictions. Our decision does not preclude defendant from seeking relief. Defendant may file a petition for post-conviction relief in the trial court under rule 32, Arizona Rules of Criminal Procedure, and seek a hearing on this issue to determine whether the prosecutor had sufficient evidence to support her inquiry.

## DISPOSITION

The court of appeals reversed defendant's convictions, and therefore did not

address the state's cross-appeal relating to the propriety of defendant's resentencing. The state has preserved this issue by raising it in its petition for review. *See* rule 31.19(c)(2), Arizona Rules of Criminal Procedure. We vacate the court of appeals' opinion, affirm the convictions, and remand to the court of appeals to consider the state's cross-appeal. Rule 31.19(i)(3), Arizona Rules of Criminal Procedure.

FELDMAN, C.J., MOELLER, V.C.J., and ZLAKET and MARTONE, JJ., concur.