887 P.2d 548

The STATE of Arizona, Appellee/Cross–Appellant,

v.

Jeffrey Lynn ANDERSON, Appellant/Cross–Appellee.

No. 2 CA–CR 90–0571.

Court of Appeals of Arizona, Division 2, Department B.

June 30, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, and Daniel J. Kiley, Phoenix, for appellee/cross-appellant.

Constance L. Trecartin, Tucson, for appellant/cross-appellee.

## OPINION on Remand

HATHAWAY, Judge.

This case is before us on remand from our supreme court, *State v. Anderson*, 174 Ariz. 431, 850 P.2d 669 (App.1993), for consideration of the state's cross-appeal which we did not consider in view of our reversal of appellant's conviction. *See State v. Anderson*, 171 Ariz. 377, 831 P.2d 376 (App.1991), for the facts of the case.

In its cross-appeal, the state argues that the trial court improperly modified appellant's sentence as none of the reasons contained in Ariz.R.Crim.P. 24.3, 17 A.R.S. were present. We affirm the trial court's action.

The trial court originally sentenced appellant to three consecutive 10–year terms of imprisonment. Because appellant had been found guilty of sexual assault, he would not be eligible for early release and would have to serve the full 30–year sentence. A.R.S. § 13–1406(A) and (B). On its own motion, the trial court vacated the sentence and resentenced appellant to 14 years' imprisonment on each count to be served concurrently. The trial court explained that it resentenced appellant because it was not aware that appellant would have to serve "flat time" and would not be eligible for early release. The trial court expected that appellant would serve one-half of the 30–year sentence. The trial court stated that it believed 15 years was an appropriate sentence when consideration was given to all of the factors of the case.

The state argues that the trial court was precluded from resentencing appellant because the original sentence was neither unlawful nor imposed in an unlawful manner. Ariz.R.Crim.P. 24.3 states:

**Modification of sentence**

The court may correct any unlawful sentence or one imposed in an unlawful manner within 60 days of entry of judgment and sentence but before the defendant's appeal, if any, is filed.

The comment to Rule 24.3 states:

This rule allows the court to correct an unlawful sentence or one proposed in an unlawful manner within 60 days of entry of judgment and pronouncement of sentence, but before the perfection of the defendant's appeal, whichever is sooner.

An appeal is perfected 15 days after the record on appeal has been filed in the appellate court. Ariz.R.Crim.P. 31.11. The fact that appellant had filed a notice of appeal is of no moment inasmuch as the trial court acted before the appeal was perfected.

We believe the original sentence was imposed in an unlawful manner as it was an abuse of discretion for the trial judge to pronounce sentence without knowing the harsh impact of that sentence, unknown and unintended by the trial court. As our supreme court stated in *State v. Ethington*, 121 Ariz. 572, 574, 592 P.2d 768, 770 (1979):

[s]ole responsibility for sentencing rests with the trial judge and in the absence of clear abuse of discretion, his sentence is valid. An abuse of discretion is characterized ... by a failure to conduct an adequate investigation into the facts necessary for an intelligent exercise of the court's sentencing power. (Citations omitted)

The trial judge stated that the sentence was mistakenly imposed because she was misinformed as to the effect of the original sentence. Had the judge concluded that Rule 24.3 precluded her from then correcting the sentence, and had appellant appealed that decision, we would have vacated the sentence and remanded for resentencing. "In the sentencing context, if the judge relies on inappropriate factors and it is unclear whether the judge would have imposed the same sentence absent the inappropriate factors, the case must be remanded for resentencing." *State v. Ojeda*, 159 Ariz. 560, 561, 769 P.2d 1006, 1007 (1989); *State v. Thurlow*, 148 Ariz. 16, 712 P.2d 929 (1986); *State v. MacGillivray*, 162 Ariz. 539, 785 P.2d 59 (App.1989). *See State v. Gillies*, 135 Ariz. 500, 510, 662 P.2d 1007, 1017 (1983). Because the trial judge lacked an essential piece

**20**

of information regarding the sentence and its effect, it was not possible for her to make a considered, intelligent decision as to the proper sentence to be imposed.

It is clear from the record that the trial judge would have sentenced appellant to three concurrent 14–year terms of imprisonment initially, had she been aware of all the relevant factors. We find the trial court did not abuse its discretion when it corrected a timely-discovered mistake and amended the sentence to reflects its original and true sentencing intent.

Appellant's sentence is affirmed.

DRUKE, P.J., and FERNANDEZ, J., concur.