STATE of Missouri, Plaintiff/Respondent,

v.

Darnell TOWNES, Defendant/Appellant.

Darnell TOWNES, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 67513, 70380.

Missouri Court of Appeals,
Eastern District,
Division One.

March 18, 1997.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Daryle A. Edwards, Assistant Attorney General, Jefferson City, for respondent.

REINHARD, Judge.

Defendant appeals after he was convicted by a jury of first degree robbery, § 569.020, RSMo1986, armed criminal action, § 571.015, RSMo1986, unlawful use of a weapon,

§ 571.030.1(1), RSMo Supp.1992, and unlawful possession of a concealable firearm, § 571.070, RSMo1986. The court sentenced him as a prior and persistent offender to concurrent prison terms of twenty-five years for robbery, twenty-five years for armed criminal action, ten years for unlawful use of a weapon, and twenty years for possession of a concealable firearm.[1] Defendant also appeals the partial denial,[2] without an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. We reverse and remand.

The record reveals that on June 21, 1993, David Brown was walking to a bank to make a deposit. He had seventy-four dollars—three twenties, one ten, and four ones. As Brown was walking toward the bank, defendant approached him, pointed a gun at him, and said, "Give me all that money." Brown gave him his money, and defendant walked to a white Camaro and drove away. Brown wrote down the license plate number of the car and called the police.

A police officer subsequently accompanied Brown to a location where the Camaro had been stopped by the police. Brown identified defendant as the man who robbed him. Brown also identified one of two guns found in the car as the weapon used in the robbery.

Edward Magee, a lieutenant with the St. Louis Police Department, recalled that when he asked defendant about the robbery, defendant responded, "I guess if [the victim] says I did it, I did it." Lieutenant Magee also testified that three twenty dollar bills were found on defendant during an inventory search. Defendant said "he didn't know how [the money] got there."

Defendant did not testify at trial.

In his sole point on appeal, defendant contends his attorney was ineffective for failing to file a motion to sever the count of unlawful possession of a concealable firearm from the other three counts.

---

1. Defendant did not address any points on appeal to his direct appeal. Therefore, that appeal is considered abandoned. *State v. Brooks*, 916 S.W.2d 454, 455 (Mo.App.E.D.1996).

2. The court granted the portion of movant's post-conviction motion that alleged movant had been improperly sentenced as a minimum term offender.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *State v. Boyce,* 913 S.W.2d 425, 429 (Mo.App.E.D.1996). Such findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Id.* To be entitled to an evidentiary hearing on a post-conviction relief motion, the defendant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *State v. Stallings,* 812 S.W.2d 772, 778–79 (Mo.App. 1991).

One element of unlawful possession of a concealable firearm is that the defendant "has pled guilty to or has been convicted of a dangerous felony...." § 571.070.1(1), RSMo1986. At trial, the jury heard evidence that defendant had pled guilty to one count of first degree robbery in 1992. Defendant argues that if the counts had been severed, his prior robbery conviction would not have been admissible in the trial for robbery, armed criminal action, and unlawful use of a weapon if he did not testify.

Defendant relies primarily upon *State v. Cook,* 673 S.W.2d 469 (Mo.App.1984). In *Cook,* the jury convicted the defendant of first degree robbery, first degree burglary, unlawful use of a weapon, and unlawful possession of a concealed firearm by one convicted of a dangerous felony. *Id.* at 471. The court found the defendant to be a persistent offender and sentenced him to consecutive prison terms of life imprisonment for robbery and thirty years for burglary, and concurrent prison terms of ten years each for the remaining two counts. *Id.*

Prior to trial, the defendant in *Cook* moved to sever the charge of unlawful possession of a concealable firearm, which required proof of the defendant's prior conviction for attempted bank robbery. *Id.* The trial court denied the motion. *Id.*

On appeal, our court held that the trial court had committed reversible error. *Id.* at 472. We explained:

> Of other jurisdictions which have addressed this issue, the majority have determined that, although evidence of a prior conviction is admissible on a charge of possession of a concealable firearm by one convicted of a prior felony, such evidence is inadmissible as to other offenses jointly charged.
>
> Accordingly, we hold although the joinder of a charge of possession of a concealable firearm by one previously convicted of a dangerous felony with other charges is permissible under Rule 23.05, the prejudicial effect of the evidence of the prior conviction upon the issue of defendant's guilt or innocence of the other charges outweighs the achievement of judicial economy and expedition underlying the permissible joinder rule.[3] Due process of law requires that the defendant's right to a fair trial must be given priority over considerations of expense, efficiency and convenience.

*Id.* at 473. (Footnote omitted). We then reversed the charges for robbery, burglary, and unlawful use of a weapon but affirmed the conviction for unlawful possession of a concealable firearm because the evidence of the defendant's prior attempted robbery conviction was essential to that charge. *Id.*

*Cook* appears to establish a per se rule requiring reversal if the trial court in the case before us had denied a motion to sever filed by defendant. However, subsequent to *Cook,* our court found that no prejudice resulted from an attorney's failure to seek severance of an escape from confinement charge. In *State v. Childers,* 801 S.W.2d 442 (Mo.App.1990), the defendant alleged his attorney was ineffective for failing to file a motion to sever a charge of escape from confinement from two charges of first degree assault, one charge of stealing, and two charges of armed criminal action. Judge Crane, speaking for our court, concluded:

---

3. The trial court in *Cook* instructed the jury to consider each count separately, but we found that the instruction did not cure the prejudice suffered by the defendant. The trial court here gave a similar instruction. *See* MAI–CR3d 304.12.

Childers has failed to meet his burden on either prong of the *Strickland* test. [*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).] Whether to file a motion to sever is part of counsel's trial strategy, which we will not second guess on appeal. Childers did not overcome the presumption that this strategy was sound. *Smith v. State*, 628 S.W.2d 393, 395 (Mo.App.1982). Childers was not prejudiced by the failure to sever. The jury was instructed to consider separately each count and the evidence and law applicable to it. There is nothing in the record to indicate that the jury was unable to distinguish the evidence on the escape charge from the other charges or to properly apply the law to each offense. *State v. Fowler*, 758 S.W.2d 99, 101 (Mo.App. 1988). The motion court's findings and conclusions are not clearly erroneous.

*Childers*, 801 S.W.2d at 447.

■ It is clear that certain actions by the defendant may result in waiver of the severance issue. For example, in *Vazquez v. State*, 405 So.2d 177 (Fla.App.1981), upon which *Cook* relies, the Florida court expressly recognized the possibility of waiver:

> The defendant also offered to stipulate at trial that the defendant had a prior felony conviction, which stipulation was rejected by the state. It should be noted that had the stipulation been accepted, the defendant would have waived the severance issue for appeal, *Maycock v. State*, 398 So.2d 495 (Fla. 3d DCA 1981), or, at the very least, might have so minimized the prejudice to him that a reversal here would not have been in order. *See Dedmon v. State*, 400 So.2d 1042 (Fla. 1st DCA 1981).

*Vazquez*, 405 So.2d at 179, n. 1. Defendant's prior robbery conviction was initially raised by defense counsel. During voir dire, defense counsel asked particular jurors if they would be affected by defendant's prior robbery conviction. This action may have been an indication of defense counsel's decision to waive the severance issue.

■ The motion court, in rejecting movant's claims of ineffective assistance of counsel, found that the failure to request severance was a matter of trial strategy. We conclude that this determination cannot be made from the record alone. Therefore, we remand this case for an evidentiary hearing on the issue of ineffectiveness of counsel for failing to file a motion to sever. At the hearing, the court may consider the issue of waiver, whether waiver was a matter of trial strategy, and, if not, the resulting prejudice to defendant. If the motion court finds that defense counsel was ineffective for failing to pursue severance, the conviction for unlawful possession of a concealable firearm will not be affected because evidence of defendant's prior robbery conviction was essential to that charge. *See Cook*, 673 S.W.2d at 473.

The judgment of the trial court is affirmed. The judgment of the motion court is reversed and the cause is remanded for an evidentiary hearing on defendant's allegation that his attorney was ineffective for failing to file a motion to sever.

DOWD, P.J., and GARY M. GAERTNER, J., concur.