NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA ex rel. THE DEPARTMENT OF ECONOMIC
SECURITY (DENISE M. KAFLIK), *Petitioners/Appellees*,

*v.*

DEAN FREIWALD, *Respondent/Appellant.*

No. 1 CA-CV 14-0402
FILED 3-12-2015

Appeal from the Superior Court in Maricopa County
No.  FC2011-092840
The Honorable Steven K. Holding, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Carol Salvati
*Counsel for Petitioner/Appellee* State of Arizona

Denise M. Kaflik, Carmel, IN
*Petitioner/Appellee*

Dean Freiwald, Mesa
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1   Dean Freiwald ("Father") appeals the family court's judgment granting the State's petition to enforce a foreign child support judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2   Mother and Father were divorced in Michigan in 1985. As part of the decree, Father was ordered to pay child support to Mother.

¶3   Father subsequently relocated to Arizona and, several years after the decree was entered, Father defaulted on his child support payments. On May 17, 2010, a child support arrearages judgment was entered against Father in Michigan.

¶4   After the arrearages judgment was entered in Michigan, the State sought to initiate child support enforcement proceedings in Arizona. As a necessary predicate to the enforcement action, the State registered Father's Michigan arrearages judgment with the Maricopa County Clerk. The Clerk then sent a Notice of Registration of the judgment to Father. Included with the Notice were certified copies of the original decree, the arrearages judgment, and the Arizona registration statement.

¶5   The Clerk mailed the Notice of Registration to the wrong address, and it was returned to the Clerk's office undelivered. Nonetheless, on December 3, 2012, the State filed a petition to enforce the arrearages judgment. Father was served with a copy of the petition, which referenced the registration of the arrearages judgment, on February 6, 2013.

¶6   A hearing on the petition was set for March 21, 2013. Prior to the hearing, Father filed a written motion objecting to the enforcement arrearages judgment alleging, in part, that the Clerk had failed to mail him a copy of the Notice of Registration. The family court set the matter for a hearing on May 29, 2013 to address, among other things, any jurisdictional issues regarding the State's enforcement action.

**¶7**        At the May 29, 2013 hearing, Father was served in open court with a copy of the Notice of Registration. Father accepted service of the Notice without objection. The family court granted Father twenty days to file a motion to challenge the registration and enforcement of the arrearages judgment.

**¶8**        Following the family court's order, Father filed a motion contesting the validity and enforcement of the arrearages judgment. In his motion, Father conceded that he had been served with the Notice of Registration "on May 29, 2013 in open [c]ourt." On August 22, 2013, Father filed a motion seeking an evidentiary hearing to challenge the arrearages judgment. Once again, Father conceded in his motion that he was served in "open court with a [N]otice of [R]egistration . . . as required by A.R.S. § 25-1305(A)."

**¶9**        The family court granted Father's request and set a hearing for October 31, 2013. At the hearing, Father presented testimony and evidence in support of his claim. The family court took the matter under advisement and, in a subsequent minute entry, determined that the Michigan arrearages judgment was properly registered in Arizona, and that Father was not denied notice and an opportunity to contest the registration. A signed judgment was subsequently entered by the family court, and Father timely appealed.

## DISCUSSION

**¶10**        Father's primary claim on appeal is that his due process rights were violated because the Clerk failed to mail him the Notice of Registration as required by Arizona Revised Statute ("A.R.S.") section 25-1305(A). We review Father's constitutional claim de novo. *Vong v. Aune*, 235 Ariz. 116, 119, ¶ 16 (App. 2014).

**¶11**        The Arizona Uniform Interstate Family Support Act provides that a child support order issued by a court of another state may be registered in Arizona for enforcement. A.R.S. § 25-1301. A registered foreign judgment "is enforceable in the same manner and is subject to the same procedures" as a judgment issued by an Arizona court. A.R.S. § 25-1303(B). Once a foreign support order is registered with the Clerk of the Court, the Clerk must issue a Notice of Registration to the "nonregistering party." A.R.S. §§ 25-1302(A), -1305(A), (B).

**¶12**        The Notice of Registration to the nonregistering party serves the purpose of advising the party that (1) the foreign child support judgment has been registered in Arizona, and (2) failure to contest the

registration within twenty days of mailing or personal receipt will result in confirmation and enforcement of the judgment.  A.R.S. §§ 25-1305(B)(2), (3); §§ 25-1306(A), (B).

**¶13**        Here, Father argues that because he was not served the Notice of Registration by the Clerk, he was denied his due process rights to reasonable notice and a meaningful opportunity to be heard as required by A.R.S §§ 25-1305 and -1306. *See Heidbreder v. Heidbreder*, 171 Ariz. 377, 381, ¶ 13 (App. 2012) (due process requires notice and an opportunity to be heard); *Wallace v. Shields*, 175 Ariz. 166, 174 (App. 1992) (same).   We disagree.

**¶14**        Father was served with a copy of the Notice of Registration on May 29, 2013 in open court.  Father did not object to service of the Notice at that time.  Thereafter, Father was given a full opportunity to challenge the registration of the Michigan arrearages judgment. Father filed two written motions challenging the registration, and the family court provided him a full evidentiary hearing to contest the registration.  Thus, despite the Clerk's mailing error, Father was provided with actual notice and a meaningful opportunity to challenge the registration of the Michigan arrearages judgment.

**¶15**        Father also contends that he did not receive notice of the Michigan court hearing that led to the entry of the arrearages judgment. However, both the court in Michigan and the court in Arizona found that Father was given notice and failed to appear at the hearing.  Apart from his unsupported allegation, Father has provided no transcripts or other evidence to contest the findings of either the Michigan or Arizona courts. Thus, based on the record before us, we conclude Father was given notice of the Michigan hearing. *See Kohler v. Kohler*, 211 Ariz. 106, 108, n.1, ¶ 8 (App. 2005) (in the absence of a transcript, the appellate court will presume the record supports the trial court's rulings); ARCAP 13(a)(7)(A) (appellant's brief must contain citations to portions of the record relied upon in its brief).  Accordingly, we affirm the family court's judgment.

**CONCLUSION**

¶16          For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama