NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSE ALBERTO COVARRUBIAS, *Petitioner*.

No. 1 CA-CR 18-0344 PRPC
FILED 8-23-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2016-147951-001
The Honorable Dean M. Fink, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Respondent*

Jose Alberto Covarrubias, Douglas
*Petitioner*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge David D. Weinzweig joined.

**M c M U R D I E**, Judge:

¶1 Petitioner Jose Alberto Covarrubias petitions this court for review from the summary dismissal of his petition for post-conviction relief of-right. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2 Covarrubias pled guilty to theft of means of transportation, a class 3 felony, with one historical prior felony conviction. He also pled guilty to burglary in the third degree. Under the terms of his plea agreement, Covarrubias and the State stipulated that the court would impose an aggravated term of 7.5 years. The superior court sentenced him to the stipulated aggravated term of 7.5 years' imprisonment for theft of means of transportation and placed him on three years' probation for burglary. Covarrubias filed a *pro se* petition for post-conviction relief of-right after his counsel found no colorable claims for relief. The superior court summarily dismissed the petition and Covarrubias now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes ("A.R.S.") section 13-4239(C).

¶3 In his petition for review, Covarrubias argues the superior court erred when it imposed the stipulated aggravated sentence of 7.5 years' imprisonment for theft of means of transportation. Covarrubias contends that regardless of the stipulation in the plea agreement, the sentencing provisions of A.R.S. § 13-703 do not provide for a sentence of 7.5 years' imprisonment for a class 3 felony with one historical prior felony conviction.

¶4 We deny relief because the superior court did not err. Covarrubias misconstrues § 13-703. A person convicted of a felony who has one historical prior felony conviction is a "category two repetitive offender." A.R.S. § 13-703(B). A category two repetitive offender convicted of a class 3 felony faces a sentence that ranges from a "mitigated" term of 3.25 years' imprisonment to an "aggravated" term of 16.25 years, with a presumptive term of 6.5 years. A.R.S. § 13-703(I). The court may impose a sentence greater than the presumptive term if the trier of fact finds aggravating circumstances. A.R.S. § 13-703(D) and (F). Here, the court, as the trier of fact, found four aggravating circumstances. Therefore, § 13-703 authorized the superior court to sentence Covarrubias to the stipulated aggravated term of 7.5 years' imprisonment for theft of means of transportation as stipulated in the plea agreement.

**¶5**          Covarrubias was told at the time of the change of plea the sentencing parameters for his crime with a historical prior felony conviction. By pleading guilty, Covarrubias indicated he understood the sentencing consequences, including both the sentencing range and the stipulated sentence. The court accepted the plea and sentenced Covarrubias as stipulated in the plea agreement. The sentence fell within the applicable statutory parameters and was imposed in a lawful manner. *See State v. Dawson*, 164 Ariz. 278, 281 (1990) ("[F]ailure to impose a sentence in conformity with the mandatory provisions of the sentencing statute makes that sentence 'illegal.'"); *State v. McPherson*, 228 Ariz. 557, 559, ¶ 4 (App. 2012) (illegal sentence constitutes fundamental, prejudicial error); *State v. Anderson*, 181 Ariz. 18, 19–20 (App. 1993) (sentence illegal when imposed in unlawful manner by court's failure to consider material information); *State v. House*, 169 Ariz. 572, 573 (App. 1991) (sentence outside applicable range is illegal). Consequently, we reject the arguments raised by Covarrubias.

**¶6**          In his reply to the State's response, Covarrubias raises other claims he neither raised below nor presented in his petition for review. These claims include: (1) that his sentences constitute cruel and unusual punishment, are discriminatory, arbitrary and capricious, and violate both equal protection and the prohibitions against double jeopardy; (2) his consecutive term of probation is both excessive and illegal; (3) the sentencing court did not consider all the appropriate mitigating circumstances before imposing sentence; (4) trial counsel was ineffective; and (5) the superior court was required to conduct an independent review for fundamental error. We deny relief on these issues as well because a petitioner may not raise issues not first presented to the superior court. Ariz. R. Crim. P. 32.9(c)(4)(B); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *see also State v. Smith*, 184 Ariz. 456, 459 (1996); *State v. Swoopes*, 216 Ariz. 390, 403, ¶ 42 (App. 2007) (both holding there is no review for fundamental error in a post-conviction relief proceeding). Further, this court will not consider arguments or issues first raised in a reply. *See State v. Watson*, 198 Ariz. 48, 51, ¶ 4 (App. 2000). Finally, "an of-right Rule 32 petitioner is not entitled to a review of the record by the superior court for arguable issues as required for direct appeals under *Anders v. California* [] and *State v. Leon* []."  *State v. Chavez*, 243 Ariz. 313, 314 ¶ 1 (App. 2017).

3

¶7        For the above reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA