432 P.2d 444

STATE of Arizona, Appellee,

v.

Raul Leon GOMEZ, Appellant.

No. 1770.

Supreme Court of Arizona,
In Banc.

Oct. 18, 1967.

___

Darrell F. Smith, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Podret & Thikoll, Tucson, for appellant.

LOCKWOOD, Justice.

Appellant Gomez was tried and found guilty of robbery. He brings this appeal contending that there was insufficient evidence to support the verdict, that the verdict was based upon the uncorroborated testimony of an accomplice, and that the jury should have been instructed as to specific intent to deprive a person of his property. We do not agree.

The facts are as follows: At 11:00 P.M. on November 5, 1964, Mr. Fletcher, an employee of Circle K markets began his shift at the grocery store located at the intersection of South Sixth Avenue and Ajo Way in Tucson, Arizona. During the next hour to an hour and a half, Mr. Fletcher waited upon various customers and observed three young men loitering in front of the store. The last customer Fletcher waited upon before the robbery was a regular customer by the name of Payton. Payton arrived shortly after midnight to purchase some beer. He also noticed the three young men and was able to describe them and had seen them before on numerous occasions. Payton purchased his beer and left while the three men remained outside. Fletcher was the only employee on duty and now was the only person in the store. Two of the men entered the store, and then the third man joined them. They produced a gun and demanded the money in the cash registers. Fletcher, being fearful, opened the cash registers and the men took the money and fled.

During the trial, Fletcher described the three men. The description of one of the participants fit Gomez. Payton also testified as to the description of the men and testified that Gomez was one of the men he saw outside the store. One of the participants by the name of Felix, also testified that Gomez took part in the robbery and that Gomez held a gun on the victim causing him to give up the money. Gomez did not testify.

Appellant argues that the testimony of Fletcher and Payton only tends to prove that he was outside the store shortly before the robbery, and not that he was one of the robbers. He argues that since one's presence at the scene of a crime is not sufficient to prove guilt, the conviction must have been based entirely upon the uncorroborated testimony of the accomplice in contravention of A.R.S. § 13–136:

"A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which, in itself and without aid of the testimony of the accomplice, *tends to connect* the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof." (Emphasis supplied.)

We agree with appellant that mere presence at the scene of the crime does not prove guilt and that a conviction cannot be based entirely upon the uncorroborated testimony of an accomplice. But we do not agree that the testimony of Felix

was uncorroborated. We have held that the evidence required to corroborate testimony of an accomplice need not be sufficient to establish the defendant's guilt. State v. Goldthorpe, 96 Ariz. 350, 395 P.2d 708 (1964). It need only "tend to connect the defendant with the commission of the offense". There was testimony presented other than the accomplice's which tended to connect appellant with the offense.

Appellant further contends that the trial court committed reversible error in not giving an instruction on the need for specific intent to permanently deprive a person of his property in the crime of robbery. Again we do not agree.

Defendant's cited cases do not support the proposition that an instruction on specific intent must be given in the case before us. They involve (1) cases in which the intent of the defendant was in issue because the defendant stated that he was taking the property with the consent of the owner or some similar reason, or (2) cases in which the court held that even though the lack of an instruction on specific intent was error, when considered with the evidence it did not warrant a reversal. In the case before us now, there is no issue as to intent. The appellant claims that he was not the gunman and/or accomplice. He does not claim that he took the property without having the specific intent to deprive the owner of it permanently, or that he took the property with the uncoerced consent of the victim.

The trial court properly instructed the jury concerning the legal requirement of intent, and how it might be inferred by the evidence, quoting from § 13–131 A.R.S. (1956). The instruction correctly stated the law and was complete in light of the evidence presented.

Further, the appellant made no request for the instruction he claims should have been given. It has been repeatedly held that error cannot be predicated on the failure to give instructions not requested. State v. Randolph, 99 Ariz. 253, 408 P.2d

397 (1965); Cohen v. United States, 366 F.2d 363 (C.A.9 1966).

Affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.