512 P.2d 1225

**STATE of Arizona, Appellee,**

**v.**

**Joseph Nathan EVANS, Appellant.**

**No. 2315.**

Supreme Court of Arizona,
In Banc.

July 24, 1973.

Gary K. Nelson, Atty. Gen., by John J. Dickinson, Special Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by William C. Blakley, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

The defendant, Joseph Nathan Evans, was found guilty, after a jury trial, of assault with intent to commit robbery, with a prior conviction. He was sentenced to ten years' probation conditioned upon serving eight to ten years in the state prison.

The facts necessary for determination of this appeal are that on September 11, 1970, one Paul Tovar was making a telephone call from a public booth at the corner of Van Buren and 20th Streets in Phoenix, Arizona. The defendant, Evans, approached and asked to borrow a match. Tovar gave him one, then continued his telephone conversation. During the telephone conversation Tovar took out his wallet to find a telephone number which he had on a paper in the wallet. The defendant Evans pushed into the booth, and a struggle ensued. Tovar testified that the defendant hit him and tried to take his wallet from his hand. In the course of the struggle the defendant demanded that Tovar give him money.

Two men pulled up to the scene in an automobile, and they came to Tovar's assistance. Evans fled, but he was apprehended by the men and a police officer who had also arrived on the scene.

The defendant urges that the trial court erred in two respects, namely: (1) failing to instruct the jury on all the elements of the offense and (2) imposition of a sentence not authorized by statute.

The trial court in instructing the jury did not advise it that a necessary ele-

ment of robbery was the intent to deprive the owner permanently of his property. State v. Brown, 106 Ariz. 453, 478 P.2d 77 (1970). Counsel for the defendant did not request an instruction on the element of intent nor did counsel object to the instructions given by the court. Generally, the failure to give an instruction which has not been requested is not error. State v. Ganster, 102 Ariz. 490, 433 P.2d 620 (1967); State v. Randolph, 99 Ariz. 253, 408 P.2d 397 (1965). Counsel now urges that the failure to instruct the jury on the issue of specific intent was fundamental error.

The trial judge has the duty to instruct the jury upon the law relating to the facts of the case and upon matters vital to a proper consideration of the evidence. In matters vital to the case the trial judge is required to instruct the jury on his own motion even if not requested by the defense. If the trial court fails to instruct the jury on a matter vital to the rights of the defendant, such an omission creates fundamental error. In State v. Pulliam, 87 Ariz. 216, 349 P.2d 781 (1960) this Court defined fundamental error as " . . . such error as goes to the foundation of the case, or which takes from a defendant a right essential to his defense."

The question then becomes, did the failure to instruct on the issue of specific intent deprive the defendant of a right essential to his defense? The charge against the defendant was assault with intent to rob. The evidence presented by the state clearly supported the charge. The defendant presented as his defense that the event was simply a fight between himself and the victim which had been provoked by the victim. The defendant denied any attempt to take or remove the victim's wallet, and it was his position that he was merely trying to protect himself from the attack by the victim, Tovar.

Under the facts of this case, and considering the defense offered by the defendant, it was not fundamental error for the court to fail to give an instruction on specific in-

tent. In State v. Gomez, 102 Ariz. 432, 432 P.2d 444 (1967), this Court held that the failure to give an instruction on the need for specific intent in the crime of robbery was not fundamental error when there was no issue as to the intent with which the defendant acted. In *Gomez* the defendant defended on the basis that he was present at the scene but not connected with the actual robbery. In State v. Gomez, supra, this Court pointed out that specific intent becomes an essential part of the defendant's case in those instances in which the defendant takes or attempts to take property based upon the consent of the owner, a claim of right or some similar reason. In such instances the intent with which the defendant acts is an essential element of the case, and the trial court would be required to give an instruction on the meaning and need for specific intent to permanently deprive a person of his property to constitute the crime of robbery.

When the evidence makes intent the battleground of the case, full and explicit instructions on the issue are required. State v. Spratt, 265 N.C. 524, 144 S.E.2d 569 (1965). On the other hand, when no evidence is offered to raise a direct issue as to intent, and the defendant does not contend or develop any issue that a taking was under a bona fide claim of right or was without any intent to steal, the failure to instruct the jury on the need for specific intent to steal is not reversible error. State v. Spratt, supra; Thomas v. State, 54 Ga.App. 747, 189 S.E. 68 (1936). In the case at issue, the defense presented was that the defendant did not attempt to take the victim's property. There was no evidence offered by the defense on the issue of specific intent, for the defendant's contention remained that he did not do the act. The evidence presented by the state through the victim was that the defendant both demanded and attempted to take the wallet and money of the victim. Under the facts and circumstances presented in this case the failure to instruct on the specific intent required in the crime of robbery was not fundamental error.

■ Following his conviction, Evans was originally sentenced to imprisonment for a term of eight to ten years. The trial court had overlooked the fact that a prior conviction had been alleged as a part of the information, and the defendant had admitted the prior conviction. Under A.R.S. § 13–1649 the prior conviction would require a sentence of "not less than ten ·years." In an attempt to make the sentence comply with the statute, defense counsel suggested that ten years' probation be given conditioned upon completion of the defendant serving eight to ten years in prison. The state did not object to such a procedure, and the trial court ordered eight to ten years to be served in prison as a condition of a ten-year probationary term. Defendant now challenges this sentence.

In State v. Van Meter, 7 Ariz.App. 422, 440 P.2d 58 (1968), a similar conditional probation was ordered. There the defendant was placed on probation conditioned upon his serving four months in county jail. The court said:

"The incarceration of a person in the county jail is the passing of a sentence and not the suspension thereof. The fact that the court terms it as a condition of probation does not render it any the less a sentence of imprisonment. No authority existing for the dual sentence imposed, it is illegal and must be set aside." 7 Ariz.App. at 428, 440 P.2d at 64.

After *Van Meter,* A.R.S. § 13–1657 was amended to allow up to one year to be served in county jail as a condition of probation. No provision was made for longer periods to be served in state prison. We believe the reasoning of *Van Meter* is controlling here. There is no statutory authorization for an eight to ten year prison sentence as a condition of probation. The trial court had no authority to impose the type of sentence given in this case.

■ Defendant urges that we should sever the condition and allow the probation to stand. It certainly was not the trial court's intention to grant absolute proba-

tion, and the sentence actually imposed is not a legal sentence; therefore, the sentence must be vacated and the cause remanded so that a proper sentence can be imposed. In all other respects, no error appearing, the judgment of conviction is affirmed, but the sentence is vacated and the case is remanded to the trial court for the purpose of imposing a proper sentence.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.