523 P.2d 53

**STATE of Arizona, Appellee,**

v.

**Perry Leon GAMBLE, Appellant.**

**No. 2759.**

Supreme Court of Arizona,
In Division.

June 5, 1974.

Gary K. Nelson, Atty. Gen., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Michael E. Hurley, Phoenix, for appellant.

LOCKWOOD, Justice.

The appellant was charged by information with robbery with an allegation of a prior felony conviction. After a trial by jury, the appellant was found guilty of said crime and the allegation of the prior felony conviction was found to be true. Appellant was sentenced to a term of not less than ten nor more than fifteen years in the Arizona State Prison. Appellant now appeals from his conviction.

The record discloses that on February 16, 1973, the victim was walking on a street in downtown Phoenix. While walking, he was grabbed from behind by two men who held him and rifled his pockets. After taking $42.00 from the victim, they ran from the scene.

The appellant was subsequently identified by the victim a short time later as one of the two men who grabbed him. The appellant was arrested and charged with robbery. The only issue at the trial was

whether the appellant was one of the two robbers.

On appeal the only issue raised is did the trial court err in its instructions to the jury regarding the necessary elements of the crime of robbery? The crime of robbery is defined by A.R.S. § 13–641 as follows:

> "Robbery is the felonious taking of personal property in the possession of another from his person, or immediate presence, and against his will, accomplished by means of force or fear."

 The instruction given by the court of the definition of robbery differed from A.R.S. § 13–641 in that the court omitted the word "felonious" when it read the definition to the jury. It is incumbent upon the trial judge to instruct the jury upon the law which relates to the facts of the case and matters necessary for proper consideration of the evidence. In the event the trial judge fails to instruct the jury on a matter vital to the rights of the defendant, then such an omission constitutes fundamental error. State v. Evans, 109 Ariz. 491, 512 P.2d 1225 (1973). We have previously defined fundamental error as " * * * such error as goes to the foundation of the case, or which takes from the defendant a right essential to his defense." State v. Pulliam, 87 Ariz. 216, 349 P.2d 781 (1960).

The issue on appeal then becomes whether the omission of the word "felonious" and its bearing on the issue of intent deprive the appellant of a right essential to his defense? The appellant was on trial for robbery. The appellant's sole defense was that the victim had identified the wrong person. The appellant denied that he had taken any money from the victim. The evidence presented by the state clearly supported the charge.

In cases where the issue of specific intent is not material to the determination of the guilt of the defendant, we have held that any error in the instructions regarding intent is not reversible error. State v. Ev-

ans, supra; State v. Gomez, 102 Ariz. 432, 432 P.2d 444 (1967).

Under the facts of the case, and taking into account the appellant's defense, it was not fundamental error for the court to omit the adjective "felonious" when instructing the jury on the definition of robbery.

We have also reviewed the entire record as required by A.R.S. § 13–1715 and State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964). We can find no reversible error.

Judgment affirmed.

HAYS, C. J., and HOLOHAN, J., concur.