912 P.2d 1363

**STATE of Arizona, Appellee,**

v.

**James Edward FULLEM, Appellant.**

**No. 1 CA–CR 92–1114.**

Court of Appeals of Arizona,
Division 1, Department C.

Nov. 7, 1995.

Review Denied March 19, 1996.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Colleen L. French, Assistant Attorney General, Ginger Jarvis, Assistant Attorney General, Phoenix, for Appellee.

John C. Williams, Prescott, for Appellant.

## OPINION

TOCI, Judge.

James Edward Fullem ("defendant") appeals his convictions for unlawful use of food stamps. Arizona Revised Statutes Annotated ("A.R.S.") section 13–3701 provides that the crime of unlawful use of food stamps

occurs when a person "transfers, acquires, or possesses food stamps . . . in any manner not authorized by law or by the state department of economic security." We hold that (1) it was not fundamental error for the state to prove by hearsay evidence the existence of the Department of Economic Security ("DES") regulation prohibiting the sale or transfer of food stamps, and (2) while the jury should have been instructed that an element of the crime prescribed by A.R.S. section 13–3701 is the DES regulation that prohibits the sale or transfer of food stamps "with deceitful intent," the failure to instruct on this essential element of the offense was not fundamental error because there was no issue as to defendant's intent in selling the food stamps. We therefore affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

Defendant was indicted on three counts of unlawful use of food stamps, class 6 felonies. The court granted the state's motion to dismiss the second count. Defendant was tried and convicted by a jury on the remaining two counts. The court sentenced defendant to consecutive, one and two-year terms of imprisonment and ordered him to pay $200 in felony assessment fees.

After a notice of appeal was filed, defendant moved to stay his direct appeal while he pursued a petition for post-conviction relief *in propria persona*. We granted a stay until May 1994. In May, defendant moved to continue the stay of his direct appeal and to consolidate the direct appeal in this matter with an unrelated proceeding. We denied both motions. Consequently, defendant's direct appeal is now before this court.

## II. DISCUSSION

Defendant contends that a conviction for unlawful use of food stamps, A.R.S. section 13–3701 (1989), by sale or transfer, requires that the state prove the violation of a DES regulation. Consequently, according to defendant, (1) the state must have pled the

violation of the regulation in the indictment and must have proved to the jury the existence of such a regulation and defendant's violation of it and (2) the court should have instructed the jury that violation of the regulation was an element of the offense. Defendant asserts that because these events did not occur, his convictions are void.

### A. Failure to Plead the Regulation

■ Defendant first contends that the state failed to plead the violation of a particular DES regulation in the indictment. Even if there were error, defendant's claim is not properly before us on appeal. Rule 13.5(c), Arizona Rules of Criminal Procedure, states, "No issue concerning a defect in the charging document shall be raised other than by a motion filed in accordance with Rule 16." Under Rule 16, motions must be made no later than twenty days prior to the date set for trial. Ariz.R.Crim.P. 16.1(b). "Any motion, defense, objection or request not timely raised under Rule 16.1(b) shall be precluded, unless the basis therefor was not then known, and by the exercise of reasonable diligence could not then have been known, and the party raises it promptly upon learning of it." Ariz.R.Crim.P. 16.1(c). Here, defendant knew or should have known of the claimed defect from reading the indictment. By failing to raise an objection below, he waived any error.

### B. Failure to Prove the Regulation

■ Defendant next contends that the state failed to prove to the jury an essential element of the crime of unlawful use of food stamps. A.R.S. section 13–3701 states, "A person commits unlawful use of food stamps . . . if such person knowingly: 1. Uses, transfers, acquires or possesses blank food stamps, food stamps . . . in any manner not authorized by law or by the state department of economic security." Defendant claims that the state failed to show the existence of a DES regulation prohibiting defendant's use or transfer of food stamps and a violation of that regulation by defendant. We disagree.

A defendant cannot be convicted of violating A.R.S. section 13–3701 unless he uses food stamps in a manner not authorized by DES. Thus, before defendant can be found guilty of the crime of unlawful use of food stamps, he must have violated a regulation adopted by DES. *See State v. Williams,* 119 Ariz. 595, 599, 583 P.2d 251, 255 (1978). Additionally, the regulation must not be "a seldom used provision deep from the recesses of a byzantine regulatory scheme ... appl[ied] to the actions of a completely unsuspecting defendant." *Id.* at 597, 583 P.2d at 253. Here, the regulation that existed prohibiting defendant's conduct was far from obscure or unknown—it was published in the Arizona Administrative Code ("A.A.C.").[1]

The state failed to offer in evidence or to ask the court to take judicial notice of the specific regulation that defendant was charged with violating. Instead, the state chose to prove the existence of the DES regulation by way of the hearsay testimony of a state department employee. As defendant did not object to this method of proof, we review for fundamental error only. *State v. Anderson,* 174 Ariz. 431, 433, 850 P.2d 669, 671 (1993).

The state proved that DES had a regulation against selling food stamps and that this regulation was neither obscure nor unknown to defendant. Kerry Woods, an employee of the United States Department of Agriculture, informed the jury of the existence of the regulation prohibiting the trading or sale of food stamps. Katherine Christensen, a DES employee, testified that each applicant for food stamps is informed that he may not sell or trade food stamps. Additionally, the state introduced in evidence the application that must be filled out in order to receive food stamps. This application included the following language:

**RULES ABOUT FOOD STAMPS:**

. . . .

**Do not sell or trade food stamps.**

. . . .

**If you intentionally break any of the food stamp rules above, you may be disqualified from food stamps as follows:**

. . . .

**May be fined $20,000 or more or imprisoned five years or more or both.**

The state proved that defendant violated the regulation by selling food stamps to his neighbor and to an undercover agent. Defendant made statements to the undercover agent that the reason other people do not sell food stamps is because it is illegal to do so. Defendant also stated that he would have to come up with "another good scam" if the government made any changes in the way it distributes food stamps.

Thus, the evidence was sufficient to inform the jury that the sale or trade of food stamps is not authorized by law or DES. Furthermore, the above evidence established that defendant sold food stamps with "deceitful intent," in violation of A.A.C. R6–3–2306. The jury could conclude, based on this and other evidence presented by the state, that defendant violated this DES regulation. Had defendant objected to the hearsay testimony of Kerry Woods about the existence of a regulation and had such testimony been excluded, the state could have introduced the DES regulation directly in evidence. Thus, we find no fundamental error.

### C. Failure to Instruct on the Regulation

Defendant's final contention is that the jury was not properly instructed on the elements of the crime of unlawful use of food stamps. The jury was instructed that the crime had four elements:

Number one, the Defendant knowingly used, possessed, transferred or acquired food stamps; and, number two, the Defendant did so in a manner not authorized by law or in a *manner not authorized by the*

---

1. A.A.C. R6–3–2306 states:

Fraud is any action by an individual who knowingly, willfully, and with deceitful intent ... [t]rades or sells coupons...."

*State Department of Economic Security;* and, number three, the Defendant knew that the use, possession, transfer or acquisition of food stamps was not authorized; and, number four, the value of the food stamps was over $100.

(Emphasis added.) The jury was not instructed as to the meaning of the phrase "manner not authorized by the State Department of Economic Security." Specifically, the jury was not instructed that the DES regulations prohibited individuals from "knowingly, willfully and with deceitful intent" selling food stamps. Consequently, defendant argues, the jury was not informed that the specific intent required to violate the DES regulations is deceitful intent. We agree with defendant that the court erred by failing to instruct the jury on the specific intent required under the DES regulation.

■■■ The failure to instruct the jury on an essential element of an offense is error. *See State v. Avila,* 147 Ariz. 330, 338, 710 P.2d 440, 448 (1985). The specific intent required to commit a crime is always an element of the crime. When a defendant fails to object to a given instruction, however, we review for fundamental error only. *State v. White,* 160 Ariz. 24, 31, 770 P.2d 328, 335 (1989). Defendant neither offered an instruction on the charged offense nor objected to the instruction that was given. Consequently, to overturn defendant's conviction, error must exist that deprives defendant of a right essential to his defense. *State v. Valles,* 162 Ariz. 1, 6, 780 P.2d 1049, 1054 (1989).

■■■ We first observe that Arizona has traditionally followed the rule that the failure to instruct the jury on an essential element of an offense is not fundamental error where there is no issue as to that element. *Avila,* 147 Ariz. at 338, 710 P.2d at 448. Though the recent United States Supreme Court decision in *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), may have cast some doubt on this rule, two recent Arizona Supreme Court decisions reaffirm the rule. In *Sullivan,* the court held that a

constitutionally deficient reasonable doubt instruction was "structural error," not subject to harmless error review. 508 U.S. at 282, 113 S.Ct. at 2083. Structural errors "affec[t] the framework within which the trial proceeds." *Arizona v. Fulminante,* 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991). Consequently, they cannot be reviewed to determine if they are harmless, as they are always harmful.

The question of whether the failure to instruct the jury on an essential element of a crime constitutes a structural error in light of *Sullivan,* has not been specifically addressed by the courts of this state. Nevertheless, after *Sullivan,* the Arizona Supreme Court has continued to apply the doctrine of fundamental error to the trial court's failure to instruct on an essential element of the state's case. In *State v. Bible,* 175 Ariz. 549, 858 P.2d 1152 (1993), *cert. denied,* — U.S. —, 114 S.Ct. 1578, 128 L.Ed.2d 221 (1994), the court cited *Sullivan* in discussing whether the admission of DNA probability calculations was fundamental error. 175 Ariz. at 588, 858 P.2d at 1191. When the court discussed the failure of the trial court to include an essential element of child molestation in the instruction, however, it did not mention *Sullivan.* Rather, the court relied on Arizona's rule that the "failure to instruct on a necessary element of an offense is not fundamental error where there is no issue as to that element." 175 Ariz. at 600, 858 P.2d at 1193 (quoting *Avila,* 147 Ariz. at 338, 710 P.2d at 448).

Later, in *State v. Styers,* 177 Ariz. 104, 865 P.2d 765 (1993), *cert. denied,* — U.S. —, 115 S.Ct. 159, 130 L.Ed.2d 97 (1994), the issue came before the Arizona Supreme Court again. There, the trial judge failed to instruct the jury that the crime of kidnapping requires restraint without legal authority. *Id.* at 112, 865 P.2d at 773. Thus, even if the defendant had legal authority to restrain the victim, the jury could find, under the elements enumerated in the court's instruction, that defendant was guilty of kidnapping. Again our supreme court did not cite *Sullivan* as controlling. Instead, it analyzed the

evidence to determine if it supported the element of "without legal authority" and concluded "there [was] no conceivable view of the evidence that permitt[ed] a finding that the restraint was with legal authority." *Id.*

Based on these cases, we conclude that the Arizona Supreme Court has declined to extend the holding or rationale of *Sullivan* to cases where an element of an offense has been omitted from the jury instructions. Instead, the court has chosen to retain the rule set out in *Avila*, 147 Ariz. at 338, 710 P.2d at 448. This echoes Chief Justice Rehnquist's concurrence in *Sullivan* in which he stated, "a constitutionally deficient reasonable doubt instruction is a breed apart from the many other instructional errors that we have held are amenable to harmless-error analysis." *Sullivan*, 508 U.S. at 285, 113 S.Ct. at 2084 (Rehnquist, J., concurring). *See, e.g., Pope v. Illinois*, 481 U.S. 497, 502, 107 S.Ct. 1918, 1921–22, 95 L.Ed.2d 439 (1987) (instruction misstating an element of the offense subject to harmless error review). Thus, we analyze the facts of this case under that rule.

"[T]he failure to give an instruction on the need for specific intent ... [is] not fundamental error when there is no issue as to the intent with which the defendant acted." *State v. Thompson*, 110 Ariz. 297, 298, 518 P.2d 120, 121 (1974).

> [W]hen no evidence is offered to raise a direct issue as to intent, and the defendant does not contend or develop any issue that [he committed the act] without any intent to [deceive], the failure to instruct the jury on the need for specific intent to [deceive] is not reversible error.

*State v. Evans*, 109 Ariz. 491, 493, 512 P.2d 1225, 1227 (1973). Here, the issue of intent was not raised by defendant at trial. Defendant never claimed that he thought selling food stamps was legal. Instead, defendant offered the theory that his neighbor, acting from spite, concocted a story about him selling food stamps. Defendant also presented the theory that he was acting as an intermediary on the sale of food stamps for his wife. Neither theory put defendant's specific intent at issue.

Additionally, the evidence adduced at trial clearly supported the element of deceitful intent. *See Styers*, 177 Ariz. at 112, 865 P.2d at 773; *Evans*, 109 Ariz. at 493, 512 P.2d at 1227; *State v. Agnew*, 132 Ariz. 567, 575, 647 P.2d 1165, 1173 (App.1982); *State v. Ramirez*, 115 Ariz. 70, 73, 563 P.2d 325, 328 (App.1977). The state presented evidence of defendant's statements to a wired undercover agent that other people do not sell food stamps because they know it is illegal to do so. Defendant also stated that if the government changed the way food stamps were distributed, he would have to come up with "another good scam." These statements, in conjunction with others made by defendant to the agent about the different ways to buy and sell food stamps, clearly demonstrate defendant's intent to deceive. Consequently, we do not find fundamental error.

### III. CONCLUSION

We conclude that defendant's convictions are not void. First, defendant has waived any claim of error in the charging document. Second, the state proved the existence of a DES regulation that prohibited defendant's conduct. Finally, the trial court's failure to instruct the jury specifically on DES's regulation A.A.C. R6-3-2306 did not constitute fundamental error. Consequently, we affirm.

VOSS, P.J., and FIDEL, J., concur.