945 P.2d 834

**STATE of Arizona, Appellee,**

v.

**Louis SHONE, Appellant.**

**No. 1 CA–CR 96–0819.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 23, 1997.

■■■■■■■■■■■

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Consuelo M. Ohanesian, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

PATTERSON, Judge.

Louis Shone appeals his conviction and sentence for aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs (DUI), a class four felony. Shone was sentenced to four years probation, including four months imprisonment. We reverse.

### FACTS AND PROCEDURAL HISTORY

We view the facts in a light most favorable to sustaining the verdict, resolving all reasonable inferences against the defendant. *State v. Atwood,* 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992).

Shone was arrested and charged with four counts of aggravated DUI. Three of these counts were later dismissed and a jury trial on the remaining count ended in mistrial. During jury selection for the second trial, the court conducted voir dire and concluded by asking counsel whether they had further questions of the panel. Defense counsel replied that he did, and explained to the court the questions and areas of concern he wished to pursue. When the court asked the prosecutor if he had any response, he said, "No, that's fine."

Nonetheless, the trial court refused to permit defense counsel to voir dire the panel. It had "asked every one of those jurors whether it would impact on their ability to be fair and impartial," and was "satisfied that the jurors have been voir dired [sic] enough. . . ." Defense counsel immediately reiterated his request, stating: "Your Honor, my request, I would like to voir dire this panel myself, and I am asking that I be allowed to do that at this time." The court then asked defense counsel if he had submitted written voir dire questions in advance, to which counsel replied he had not. The court again denied the request.

The court then asked if counsel passed the panel for cause and defense counsel declined to do so. The court asked which members of the panel he was challenging for cause. In response, defense counsel asked the court to strike panel members 6, 8, 15 and 36 for cause, and gave his reasons for each strike. The court agreed to strike panel members 6 and 8, but refused to strike panel members 15 and 36. Both the prosecutor and defense counsel then agreed to pass the panel for cause. Shortly thereafter, the court impaneled the jury, had the clerk read the charge, gave preliminary jury instructions and recessed for the evening.

The following morning, prior to the beginning of proceedings, defense counsel moved for a mistrial based on the court's denying his request to conduct voir dire. The trial court denied the motion for mistrial, stating that it had excused for cause two jurors whom defense counsel had asked to voir dire and, thus, defendant's rights had not been denied. The state agreed that defense counsel should have been permitted to question the panel, then suggested selecting a new jury as a method of correcting the error. The trial court regarded the state's remarks as a motion for mistrial, which the court also denied.

A trial ensued, and the jury found Shone guilty as charged. He was placed on probation for a term of four years, including four months imprisonment. Shone timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes Annotated (A.R.S.) sections 12–120.21(A)(1) (1992), 13–4031 (1989) and 13–4033(A) (Supp.1996).

### DISCUSSION

Shone contends that the trial court abused its discretion by denying defense counsel's

request to voir dire the prospective jurors. The state does not dispute this contention.

■ Generally, the scope of voir dire examination is within the sound discretion of the trial court and, absent abuse of discretion, there is no reversible error. *State v. Lopez,* 134 Ariz. 469, 471, 657 P.2d 882, 884 (App.1982). However, a recently adopted amendment to the rules of criminal procedure limits the extent of that discretion. *See* Ariz. R.Crim. P. 18.5(d). As amended in 1995, Rule 18.5(d) provides in relevant part:

> **d. Voir Dire Examination.** The court shall conduct a thorough oral examination of prospective jurors. *Upon the request of any party, the court shall permit that party a reasonable time to conduct a further oral examination of the prospective jurors.* The court may impose reasonable limitations with respect to questions allowed during a party's examination of the prospective jurors, giving due regard to the purpose of such examination. In addition, the court may terminate or limit voir dire on grounds of abuse.

(Emphasis added).

■ Thus, under the amended rule, a party requesting voir dire must be permitted a reasonable time to conduct an examination, subject to certain limitations. Ariz. R.Crim. P. 18.5(d); *but see State v. Kemp,* 185 Ariz. 52, 63, 912 P.2d 1281, 1292 (stating in *dicta* that a "trial court shall conduct voir dire and in its discretion allow counsel to question jurors," although Rule 18.5(d) was neither at issue in the case nor meaningfully examined by the court), *cert. denied,* —— U.S. ——, 117 S.Ct. 117, 136 L.Ed.2d 68 (1996). The amended rule presents a substantial change to Arizona criminal procedure because, prior to adoption of the rule, counsel did not have the right to examine prospective jurors.[1]

■ In this case, the trial court denied defense counsel's two direct requests to voir dire the panel. The court also denied defense counsel's motion for mistrial, a motion with which the prosecutor agreed in substance. Indeed, the prosecutor even suggested selecting a new jury in order to correct the error. In denying the motion, the trial court stated that none of defendant's rights under Rule 18.5(d) were denied because the court had excused two jurors for cause whom defense counsel asked to voir dire. But the court addressed neither the fact that defense counsel had specifically challenged four panel members for cause, nor that he had requested permission to voir dire the entire panel. Despite the court's apparent understanding to the contrary, the fact that the court struck two jurors for cause did not correct its erroneous ruling under Rule 18.5(d). The trial judge had ample opportunity to correct the error, and the failure to permit defense counsel's voir dire pursuant to Rule 18.5(d) was an abuse of discretion.

When an issue is raised at trial and erroneously ruled on by the trial court, we review for harmless error unless the court's ruling constitutes structural error. *State v. Bible,* 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993); *State v. Fullem,* 185 Ariz. 134, 138, 912 P.2d 1363, 1367 (App.1995).

Here, a harmless error analysis answers the question presented. Error is harmless if the state can show beyond a reasonable doubt that the error did not contribute to or affect the verdict. *State v. Jones,* 185 Ariz. 471, 486, 917 P.2d 200, 215 (1996); *State v. Strayhand,* 184 Ariz. 571, 587, 911 P.2d 577, 593 (App.1995). The state makes no such showing here. Under a harmless error analysis, the inquiry is not whether a guilty verdict would surely have been rendered in a trial that occurred without the error, but whether the guilty verdict actually returned in this trial was surely unattributable to the error. *State v. Clark,* 181 Ariz. 42, 43, 887 P.2d 572, 573 (App.1994) (citation omitted). In sum, we must be confident beyond a reasonable doubt that the error had no influence on the jury's judgment. *Id.*

---

1. We also note that Rule 18.5(d) now conforms to its civil counterpart, which for several years has afforded parties the right to voir dire prospective jurors. Ariz. R. Civ. P. 47(b); *see also* Rule 47(b) 1991 State Bar Committee Note ("counsel have a *right* to conduct voir dire examination of prospective jurors, subject to the court's authority to set reasonable limitations thereon and to prevent abuses").

We lack that confidence here because the record discloses that the trial court seated a juror who may have been biased. Near the end of the court's voir dire, a prospective juror told the court that she had been injured in an automobile accident caused by a drunk driver. The court asked if that experience would prevent her from being a fair and impartial juror, to which she replied, "Probably not." Despite the obvious ambiguity in this response, the court made no further inquiry, the lack of which is particularly troubling in light of defense counsel's request to ask "follow up questions, especially with respect to the DUI experiences" discussed by the prospective jurors. The juror in question did not clearly express an ability to be fair and impartial, and further inquiry should have been allowed. *See State v. Sexton,* 163 Ariz. 301, 302–03, 787 P.2d 1097, 1098–99 (App.1989) (court should strike potential juror for cause when answers demonstrate serious misgivings about the ability to be fair and impartial). We therefore cannot say that the guilty verdict actually returned in this trial was surely unattributable to the error. *Clark,* 181 Ariz. at 43, 887 P.2d at 573.

The state's sole argument on appeal is that Shone waived his right to object to the composition of the panel when his counsel agreed to pass the panel for cause. The state is correct that a party may not object to the panel once that party has approved it. *State v. Arnett,* 119 Ariz. 38, 50, 579 P.2d 542, 554 (1978). However, an objection made during voir dire is sufficient to preserve the error, and the error is not waived simply by agreeing to pass the panel. *See State v. Walton,* 159 Ariz. 571, 580–81, 769 P.2d 1017, 1026–27 (1989) (objections to the impanelling of the jury are waived unless made during voir dire), *aff'd,* 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990). In this case, defense counsel's pointed requests to further examine the panel immediately following the trial court's voir dire adequately preserved the issue.

## CONCLUSION

The trial court abused its discretion when it refused defense counsel's requests to voir dire prospective jurors pursuant to Rule 18.5(d). Defense counsel preserved the error by raising the issue during voir dire and did not waive his objection when he agreed to pass the panel for cause.

Accordingly, we reverse and remand to the trial court for proceedings consistent with this opinion.

LANKFORD, P.J., and McGREGOR, J., concur.