NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

RUDOLPH RAMIREZ BILDUCIA, JR.,
*Appellant*.

No. 1 CA-CR 19-0423

FILED 6-9-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-140771-001
The Honorable Monica Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Peg Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Rudolph Bilducia appeals his sentence imposed on a conviction for burglary in the second degree. For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**　　　　In June of 2017, D.M. (the "homeowner") hired a landscaping company to trim trees at his residence. The company sent several landscapers, including Bilducia, to complete the job. The homeowner returned from work to find landscapers on his property but could not find an electronic tablet in his home. He noticed the office door leading into the backyard was unlocked, so he checked the surveillance system. The system recorded a video of Bilducia walking into the homeowner's office and leaving with the tablet. The homeowner notified the landscaping company and the Scottsdale police. The tablet was never recovered.

**¶3**　　　　Grand jurors indicted Bilducia for burglary in the second degree, a class 3 felony. At the beginning of the trial, the court instructed the jurors, both orally and in writing, with preliminary jury instructions that included the correct reasonable-doubt instruction. *See State v. Portillo*, 182 Ariz. 592, 596 (1995). During the trial, the homeowner testified he "was pretty upset" about the incident; so, he slept with a shotgun under his bed for the next several days. He also said that the incident affected his fiancée, claiming "her thought was . . . [w]hat if I had been home?" The homeowner's fiancée did not testify.

---

[1]　　　　We view the facts in the light most favorable to upholding the verdict and resolve all reasonable inferences against the defendant. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

**¶4** The parties agreed that the court would present final jury instructions before closing arguments. The final jury instructions again included the correct reasonable-doubt instruction, and the court instructed the jurors both orally and in writing. The jury found Bilducia guilty as charged.

**¶5** The State alleged two aggravating circumstances: (1) "[t]he offense caused physical, emotional or financial harm to the victim," and (2) Bilducia "committed the offense as consideration for the receipt, or in the expectation of the receipt of anything of pecuniary value." *See* A.R.S. § 13-701(D)(6), (9). At the outset of the aggravation phase, the court instructed the jurors with aggravation-phase jury instructions, both orally and in writing, which included an instruction that the State must prove the aggravating circumstances beyond a reasonable doubt. The court's instructions stated:

> You must start with the presumption that the alleged aggravating circumstances are not proven. . . . If you conclude that the State has not met its burden of proof beyond a reasonable doubt, then you must find . . . the alleged aggravating circumstances not proven. You must consider all the instructions I have previously given to you as set forth in your final jury instructions.

The aggravation-phase jury instructions did not repeat several of the instructions included in the final jury instructions, including the definition of reasonable doubt. The parties presented no additional evidence, but each gave a brief closing argument. The State argued that it had met its burden of proving beyond a reasonable doubt the first aggravating factor of harm to the victim partially based on the homeowner's testimony, and the second aggravating factor of pecuniary gain simply because the stolen tablet had value. Bilducia argued the State had failed to meet its evidentiary burden.

**¶6** The court sent the jury into deliberations without orally recharging the jurors regarding the aggravation-phase jury instructions or final jury instructions in their possession. No objection was made regarding the court's decision to instruct the jury before closing arguments, which the court had done during the guilt phase based on the parties' agreement. The jury found each aggravating circumstance proven beyond a reasonable doubt.

**¶7** During sentencing, the court considered the aggravating circumstances found by the jury, and mitigating circumstances, noting that

the aggravating factors outweighed the mitigating factors. The court stated that Bilducia "ha[d] not considered the impact of [his] choices," and his past crimes demonstrate an "unwillingness to accept responsibility" for his actions. The court mentioned that Bilducia's family support and substance abuse were mitigating factors. Nevertheless, the court sentenced Bilducia to the presumptive term of 11.25 years' imprisonment, with 98 days' presentence incarceration credit.

¶8        Bilducia appealed,[2] and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶9        Bilducia argues the court erred by: (1) failing to orally repeat several jury instructions at the close of the evidence before deliberations began on aggravating circumstances; (2) considering his lack of remorse at sentencing; and (3) finding sufficient evidence supported the jury's finding of aggravating circumstances.

## A.    The Court Did Not Commit Fundamental Error by the Procedure Used to Instruct the Jury.

¶10        Bilducia argues the court committed fundamental error by not repeating several jury instructions at the close of evidence during the aggravation phase, including:

> the definition of reasonable doubt; the defendant is not required to testify or to produce evidence of any kind; it is the duty of the jury to follow the instructions; it is the duty of the jury to determine the facts; what the lawyers say is not

---

[2]        We note Bilducia fled during jury deliberations and the court issued an arrest warrant following his conviction. Bilducia was arrested 67 days later and due to the time constraints surrounding the sentencing process, he was not sentenced until over 90 days from the date of his conviction. Thus, it appears A.R.S. § 13-4033(C), which strips a defendant of his right to appeal "if the defendant's absence prevents sentencing from occurring within ninety days after conviction," could apply in this case. However, this court has yet to address whether A.R.S. § 13-4033(C) applies to a defendant whose absence is less than 90 days, but nonetheless prevents sentencing from occurring within 90 days after conviction. We will not take up this question today because the State has not raised it as an issue.

evidence; evidence may be direct or circumstantial; the jury must determine the credibility of the witnesses; [and] each aggravating circumstance must be determined separately.

He does not argue the court provided deficient preliminary jury instructions or final jury instructions.

**¶11** Once jurors are sworn, the court must instruct them concerning their responsibilities and duties. Ariz. R. Crim. P. 18.6(c). Following the parties' presentation of evidence and before jury deliberations, the court must repeat all jury instructions "where such legal principles include matters of law vital to the rights of a defendant," including an instruction regarding the State's burden of proving each element of a crime beyond a reasonable doubt. *See State v. Johnson*, 173 Ariz. 274, 275–76 (1992) (emphasis omitted) (quoting *State v. Marquez*, 135 Ariz. 316, 322 (App. 1983)). However, if a party fails to object to the court's jury-instruction procedure, he or she waives the right to appeal on that basis unless the instructions given amount to fundamental error. *State v. Kinkade*, 140 Ariz. 91, 94 (1984).

**¶12** To establish fundamental error, the defendant must show: (1) trial error exists; (2) considering the totality of the circumstances, the error either went to the foundation of the case, took away a right essential to his defense, or was so egregious that he could not have possibly received a fair trial; and (3) the error caused him prejudice. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). Although Arizona Rule of Criminal Procedure 19.1 does not dictate the order in which the aggravation phase proceeds in a noncapital case, in a capital case, the rules require the court to instruct the jury following the parties' closing arguments both during the guilt and aggravation phases. Ariz. R. Crim. P. 19.1(a)(2), (b)(8), (d)(8).

**¶13** In *Kinkade*, our supreme court held the superior court did not commit fundamental error by failing to repeat a reasonable-doubt instruction before jury deliberations during the guilt phase of the trial because:

> The jury was instructed concerning reasonable doubt at the beginning of the trial. The jury took a copy of the reasonable doubt instruction with them to the jury room for deliberation. All three attorneys, in their arguments to the jury, specifically stated that the jury must find the defendants guilty beyond a reasonable doubt. [And] [e]ach defense attorney gave a brief definition of reasonable doubt during his closing argument.

5

140 Ariz. at 94.

**¶14**        In *State v. Solano*, the defendant objected to the court's denial of his request to repeat the reasonable-doubt instruction after the parties' closing arguments during the guilt phase of the trial. 187 Ariz. 512, 520 (App. 1996). The superior court provided the instruction after the close of evidence but before closing arguments as the parties had agreed. *Id.* This court held the court did not err by denying the defendant's request to reinstruct the jury because it had instructed the jury "following the evidence and before the commencement of deliberations." *Id.* (quoting *Johnson*, 173 Ariz. at 276).

**¶15**        Here, based on the totality of the circumstances, no fundamental error occurred. Although Bilducia alleges the error occurred during the aggravation phase rather than the guilt phase, the circumstances presented are like those in *Kinkade*. The court provided correct instructions to the jury at the beginning of trial by orally reading the preliminary jury instructions, and before the parties' closing arguments by orally reading the final jury instructions. The court provided the jury with copies of the preliminary jury instructions and final jury instructions. At the outset of the aggravation phase, the court read to the jurors the aggravation-phase jury instructions, which included the State's burden of proving the aggravating circumstances beyond a reasonable doubt and an instruction to consider all previous jury instructions. The court then provided jurors a written copy of the aggravation-phase jury instructions. In the arguments, both in the guilt and aggravation phases, the State and defense counsel mentioned the State's burden of proving guilt beyond a reasonable doubt.

**¶16**        We presume the jurors followed the court's instructions, *State v. Prince*, 226 Ariz. 516, 537, ¶ 80 (2011), and under these circumstances, we conclude the court did not err.

**B.     The Court Did Not Commit Structural Error by Failing to Repeat its Definition of Beyond a Reasonable Doubt.**

**¶17**        Bilducia argues the court committed structural error by failing to orally repeat to jurors an instruction defining reasonable doubt following closing arguments during the aggravation phase.

**¶18**        Due process neither requires nor prohibits courts from defining the term "reasonable doubt." *Victor v. Nebraska,* 511 U.S. 1, 5 (1994). The sole requirement is that a court accurately instructs the jurors on the concept that the State has the burden to prove a defendant guilty "beyond a reasonable doubt." *Id.* The Supreme Court has deferentially reviewed the

substance of reasonable-doubt definitions and will find error only if there is a reasonable likelihood that the jury understood the instruction to permit a conviction based on proof below the reasonable-doubt standard. *Id.* at 6; *see also Cage v. Louisiana,* 498 U.S. 39, 41 (1990) (per curiam) (disapproving definition that suggested a higher degree of doubt than is required for acquittal), *overruled in part on other grounds by Estelle v. McGuire*, 502 U.S. 62, 72, n.4 (1991). If an instruction improperly reduces the state's standard of proof, such error is structural and cannot be harmless. *Sullivan v. Louisiana,* 508 U.S. 275, 279-82 (1993). If due process does not require a court to define "beyond a reasonable doubt," it would never be a structural error to fail to define the term if the jurors are instructed regarding the government's burden. *See Portillo*, 182 Ariz. at 595 (court has "never required" an instruction defining beyond a reasonable doubt prior to adoption in the instant case).

¶19        Structural errors affect "the framework within which the trial proceeds," causing a fundamentally unfair criminal punishment, and always require reversal. *State v. Fullem*, 185 Ariz. 134, 138 (App. 1995) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)). A structural error in the context of a reasonable-doubt instruction occurs "if there is a reasonable likelihood that the jury in fact understood the instruction to permit conviction based on proof below the reasonable doubt standard." *Portillo*, 182 Ariz. at 594.

¶20        Here, regardless of whether the court erred by failing to provide a definition of reasonable doubt that comported with *Portillo*'s definition before deliberations in the aggravation phase, the instructions provided at the outset of the aggravation phase did not create a likelihood that the jury would find Bilducia guilty based on proof below the reasonable-doubt standard. On the contrary, the instructions at the outset of the aggravation phase provided that the State had to prove each aggravating circumstance beyond a reasonable doubt. This is distinguishable from the circumstances in *Johnson*, in which our supreme court held the court committed reversible error by providing a reasonable-doubt instruction that was "clearly wrong" and "contrary to the presumption of innocence." 173 Ariz. at 277. Thus, the court did not commit a structural error.

**C.**     **The Court Did Not Commit Fundamental Sentencing Error by Considering Bilducia's Unwillingness to Accept Responsibility for his Actions.**

**¶21**          Bilducia alleges the court committed fundamental error by considering his lack of remorse when imposing the sentence. *See State v. Trujillo*, 227 Ariz. 314, 318, ¶ 15 (App. 2011) (considering defendant's lack of remorse as aggravating factor at sentencing constitutes fundamental error). Upon review of the record, we conclude the premise of Bilducia's argument finds no support—the court did not consider his lack of remorse. The court stated Bilducia did not consider the impact of his choices on others by engaging in criminal activity and noted that his past crimes demonstrate an "unwillingness to accept responsibility" for his actions. We find no support for Bilducia's fundamental-error argument.

**D.**     **Substantial Evidence Supported the Jury's Findings of Aggravating Circumstances Under Both A.R.S. § 13-701(D)(9) and A.R.S. § 13-701(D)(6).**

**¶22**          We review questions of sufficiency of the evidence *de novo*, *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011), and will vacate the jury's finding of an aggravating circumstance only if it is not supported by substantial evidence, viewing facts in the light most favorable to sustaining the verdict, *see State v. Roseberry*, 210 Ariz. 360, 368–69, ¶ 45 (2005). Substantial evidence is evidence more than a scintilla and is proof sufficient to reasonably conclude it establishes the aggravating circumstance beyond a reasonable doubt. *Id.* at 369.

     **1.**     **Substantial Evidence Supported the Jury's Finding of the Aggravating Circumstance Under A.R.S. § 13-701(D)(9).**

**¶23**          Bilducia alleges the State did not meet its burden of proving the burglary caused "physical, emotional or financial harm" to the victim, arguing: (1) the homeowner suffered no financial harm because the landscaping company subtracted the value of the tablet from his bill; (2) the homeowner testified inconsistently regarding his emotional harm, and (3) the homeowner testified that his fiancée was upset because she could have been home (but was not) at the time of the burglary, which Bilducia alleges constituted hearsay.

**¶24**          An aggravating circumstance exists for a court to consider at sentencing if jurors find the State proved beyond a reasonable doubt that the victim "suffered physical, emotional or financial harm." A.R.S § 13-701(C), (D)(9). When determining whether the State met its burden,

"[t]he finder-of-fact, not the appellate court, weighs the evidence and determines the credibility of witnesses." *State v. Cid*, 181 Ariz. 496, 500 (App. 1995).

¶25 Construing the facts in the light most favorable to upholding the verdict, we presume the jury found the homeowner's testimony credible and conclude substantial evidence supported the jury's finding that the homeowner suffered emotional harm as a result of the burglary. Even without considering harm to the homeowner's fiancée and recognizing the inconsistent statements made by the homeowner, substantial evidence of the homeowner's emotional harm exists based on his testimony that he was upset about the incident, and that he slept with a shotgun under his bed for several days after the burglary. Therefore, the court adequately considered the aggravating circumstance under A.R.S. § 13-701(D)(9) when sentencing Bilducia.

**2. Sufficient Evidence Supported the Jury's Finding of the Aggravating Circumstance Under A.R.S. § 13-701(D)(6).**

¶26 Bilducia alleges the State did not meet its burden of proving he committed the burglary "as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value," because it did not produce any evidence on the matter and merely argued that because the tablet had value, he took it for pecuniary gain.

¶27 Second-degree burglary is defined as "entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein." A.R.S. § 13-1507(A). An aggravating circumstance exists for a court to consider at sentencing if jurors find beyond a reasonable doubt that "[t]he defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." A.R.S § 13-701(C), (D)(6). Jurors may consider circumstantial evidence when determining whether the defendant committed a crime for pecuniary gain. *State v. Ring*, 204 Ariz. 534, 560, ¶ 76 (2003). "Criminal intent, being a state of mind, is shown by circumstantial evidence. Defendant's conduct and comments are evidence of his state of mind." *State v. Bearup*, 221 Ariz. 163, 167, ¶ 16 (2009) (quoting *State v. Routhier*, 137 Ariz. 90, 99 (1983)).

¶28 Here, the State presented evidence in the form of testimony by the homeowner, photographs, and video showing Bilducia entered the homeowner's residence and exited with the tablet. The circumstances of the crime provide circumstantial evidence sufficient for the jurors to reasonably

conclude beyond a reasonable doubt that Bilducia committed the burglary for pecuniary gain. Thus, substantial evidence supported the jury's finding of an aggravating circumstance under A.R.S. § 13-701(D)(6).

> **3. Even Assuming That There was Insufficient Evidence to Support a Statutory Aggravator, There Was No Error in the Sentence Imposed.**

A court may impose a prison term above the presumptive sentence only if one or more statutory aggravating factors are found by the trier of fact or admitted by the defendant, except that the court shall find an alleged prior felony conviction under A.R.S. § 13-701(D)(11). § 13-701(C). A statutory aggravating factor may also be implicitly found in the jury's verdict. *See State v. Martinez*, 210 Ariz. 578, 584, ¶ 21 (2005) ("Under Arizona's sentencing scheme, once a jury implicitly or explicitly finds one aggravating factor, a defendant is exposed to a sentencing range that extends to the maximum punishment . . . ."). Once a statutory aggravating circumstance is found, the court may consider the evidence of additional aggravating circumstances. *See id.* at 585, ¶ 26. In a case where no statutory aggravating circumstances have been proven, the maximum sentence is the presumptive sentence. *State v. Schmidt*, 220 Ariz. 563, 565, ¶ 7 (2009); *State v. Dunbar*, 2 CA-CR 2018-0064, 2020 WL 2060275, at *10, ¶ 41 (Ariz. App. Apr. 29, 2020).

¶29 Once a sentencing range has been established by the finding of the statutory aggravating circumstances, a court may review the information submitted for sentencing purposes without regard to the evidentiary rules so long as the record "show[s] what the information consists of and where it comes from[,] and . . . indicate[s] that it has some substance above rumor, gossip or speculation." *State v. Jones*, 147 Ariz. 353, 355 (1985); *see also* A.R.S. § 13-702(C) (allowing a court to consider "any evidence or information introduced or submitted to the court or the trier of fact before sentencing or any evidence presented at trial"); Ariz. R. Crim. P. 26.7(b)(2) (permitting a party to introduce at sentencing "any reliable, relevant evidence, including hearsay, to show aggravating or mitigating circumstances, to show why the court should not impose a particular sentence, or to correct or amplify the presentence, diagnostic, or mental health reports").

¶30 Evidence is relevant for sentencing if it goes to the defendant's character or the circumstances of the offense. *See State v. Chappell*, 225 Ariz. 229, 238, ¶¶ 29–30 (2010). The only limitation on the evidence that can be considered is its veracity and relevance. A convicted defendant has a

due-process right to a fair sentencing procedure that includes the right to be sentenced based on accurate information. *State v. Grier*, 146 Ariz. 511, 515 (1985); *State v. Conn*, 137 Ariz. 148, 150 (1983) ("The sentencing process . . . must satisfy the requirements of the Due Process Clause."); *State v. Meador*, 132 Ariz. 343, 346-47 (App. 1982) (aggravating circumstances must be true and supported by reasonable evidence in the record); *see also Townsend v. Burke*, 334 U.S. 736, 741 (1948) (denial of due process to base sentence on "materially untrue" assumptions about defendant's criminal record). But a court may nonetheless permissibly consider various facts not found by a jury when imposing sentences within the statutorily prescribed range. *State v. Johnson*, 210 Ariz. 438, 441-42, ¶ 12 (App. 2005).

**¶31**　　　　Here, assuming, *arguendo*, that Bilducia is correct and there is not sufficient evidence to find the alleged aggravating circumstances beyond a reasonable doubt, he is not entitled to a resentencing. The court did not rely on "materially untrue" evidence, and the facts relied on are relevant sentencing considerations. Because the court sentenced Bilducia to a presumptive sentence, the alleged error regarding the quantum of proof for the aggravating circumstances is of no consequence.

## CONCLUSION

**¶32**　　　　We affirm the court's sentence.



AMY M. WOOD • Clerk of the Court
FILED:　AA